HAMPTON, Appellant,

v.

TRIMBLE, Admr., et al., Appellees.

[Cite as *Hampton v. Trimble* (1995), 101 Ohio App.3d 282.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. CA 14544.

Decided Feb. 22, 1995.

*Altick & Corwin* and *Deborah J. Adler,* for appellant.

*Betty D. Montgomery,* Attorney General, and *James Weprin,* Assistant Attorney General, for appellee Bureau of Workers' Compensation.

*Pickrel, Schaeffer & Ebeling Co., L.P.A.,* and *David Korte,* for appellee Maria Joseph Living Care Center.

FREDERICK N. YOUNG, Judge.

Kathleen Hepler Hampton is appealing from a grant of summary judgment to defendants finding that she was not entitled to benefits under the Ohio Workers' Compensation Act. Because we find, construing the evidence most strongly in favor of Hampton, that reasonable minds could reach different conclusions from the facts as presented, the summary judgment is not appropriate here and will therefore be reversed.

The underlying facts are not in dispute and are succinctly set forth in the opinion of the trial court, as follows:

"Hampton was employed as a home health care nurse by Maria Joseph. As part of her job, she was not required to report to work at Maria Joseph Center on a daily basis, but instead made housecalls to patients from her own home. On the date of the accident [January 14, 1992], Hampton was on her way home from a visit to a patient she was referred to see by Maria Joseph. While driving home, Hampton placed a call to the Geneva White family, a patient she was instructed to contact by Maria Joseph. Hampton had a brief conversation with the patient while driving and then terminated the conversation, telling White she would get back to her after she got home. Hampton arrived at her home, exited her car and began walking up the driveway towards her house. As she was walking, she slipped and fell on the ice on her driveway and sustained a trimalleolar fracture of her ankle. It is this injury for which Hampton seeks relief under Workmen's Compensation."

Hampton's application for benefits, filed February 6, 1992, for her injury was allowed by a district hearing officer of the Ohio Bureau of Workers' Compensation, who was reversed on appeal by the Dayton Regional Board of Review. After her final administrative appeal was denied by the Industrial Commission

Hampton timely filed a notice of appeal and complaint in the Common Pleas Court of Montgomery County.

Upon the motion of her employer, defendant Maria Joseph Living Care Center, the trial court entered summary judgment against Hampton and dismissed her complaint.

Hampton brings us the following three assignments of error in her appeal from the decision of the trial court:

## I

"The trial court erred in granting summary judgment for the defendant where genuine issues of material fact existed for the trier or fact as to whether plaintiff's injury occurred in the course of and arising out of her employment."

## II

"The trial court erred in granting summary judgment for defendant where a non-fixed situs plaintiff was engaged in an act incidental to her employment. As such, defendant was not entitled to judgment as a matter of law."

## III

"The trial court erred in substituting its opinion on the facts for that of the trier of fact."

We shall deal with all three assignments together.

In its decision and judgment entry, the trial court correctly noted that for an injury to be compensable under the Workers' Compensation Act it must be shown both to have been received "in the course of" the employment and also to have "arisen out of" the employment, citing *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 551 N.E.2d 1271. Both the parties and the trial court agree that Hampton is not a fixed-situs employee and so is not barred from benefits by the "going and coming rule," which precludes workers' compensation benefits to employees injured while traveling to or from their fixed situs of employment. The trial court, however, ruled that since Hampton was "walking up her own driveway and not performing a service for her employer," her injury was not received in the course of her employment. The trial court also ruled that the same facts precluded a finding that her injury arose out of her employment, reasoning as follows:

"Hampton also fails to meet the second prong necessary to establish a workmen's compensation claim for relief, whether the injury 'arose out of' her employment. This prong is determined from a totality of the circumstances test.

*Fisher, supra,* 49 Ohio St.[3d at 277], [551 N.E.2d at 1274]. Such circumstances include (1) the proximity of the scene of the accident to the place of employment; (2) the degree of control the employer had over the scene of the accident; and (3) the benefit the employer received from the injured employee's presence at the scene of the accident. *Id.*

"Hampton fails to meet the first two prongs, as she was walking up the driveway of her home when she sustained her injury. Clearly, Maria Joseph had no control over the driveway and it was a distance from her employment. Finally, Hampton does not produce any evidence which would indicate that Maria Joseph received any benefit from Hampton's presence on her own driveway. Hampton was not going home due to a duty she had to perform for Maria Joseph, rather she was going home because she had seen her last patient for the day. This court agrees with Maria Joseph that it is not the purpose of workers' compensation to extend [benefits] to an employee who is at her own home after she has finished work for the day. * * * "

█ Summary judgment can properly be granted only when the court finds, first, that there is no genuine issue as to any material fact, second, that the moving parties are entitled to judgment as a matter of law and, third, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence most strongly construed in his favor. Civ.R. 56(C). *Harless v. Willis Day Warehousing Co., Inc.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

█ Summary judgment must be awarded with caution, however, since all doubts must be resolved and the evidence must be construed in favor of the nonmoving party. *Leibreich v. A.J. Refrigeration* (1993), 67 Ohio St.3d 266, 269, 617 N.E.2d 1068, 1071. Furthermore, in workers' compensation cases it is axiomatic that the phrase "in the course of, and arising out of" must be accorded a liberal construction *in favor of awarding benefits. Fisher v. Mayfield,* 49 Ohio St.3d at 278, 551 N.E.2d at 1274.

█ It is undenied that Hampton was a nonfixed-situs employee and that travel to and from her patients' homes as well as to and from her own home was a necessary part of her employment duties. It is not necessary for a worker to be injured during the actual performance of work for his employer. It is sufficient if he is injured "in a pursuit or undertaking consistent with his contract of hire and which in some logical manner pertains to or is incidental to his employment." *Sebek v. Cleveland Graphite Bronze Co.* (1947), 148 Ohio St. 693, 36 O.O. 282, 76 N.E.2d 892. Paragraph three of the syllabus.

While the underlying evidentiary facts in the case *sub judice* are not in dispute, "a court may nevertheless be warranted in holding that a genuine issue of fact is presented [where] 'the presence of competing reasonable inferences from undisputed facts presents a genuine issue of material fact whose resolution should be left to the trier of fact.' " *Duke v. Sanymetal Products Co., Inc.* (1972), 31 Ohio App.2d 78, 81, 60 O.O.2d 171, 172–173, 286 N.E.2d 324, 327, quoting *Franklin Natl. Bank v. L.B. Meadows & Co.* (E.D.N.Y.1970), 318 F.Supp. 1339, 1344. The trial court held that Hampton's travel on the day of her injury ended when she parked her car in front of her house. It can just as easily be inferred, however, that her travel did not end until she had completed her journey up her driveway and into her house. Furthermore, since travel was an integral part of her employment, and weather conditions are one of the hazards she was exposed to as part of travel, and since she parks her car on the road at the foot of her driveway when the weather is inclement as, she testified on deposition, she had done before, it can reasonably be inferred that her travel on foot is part of the totality of circumstances of her travel and that her injuries should receive the same treatment, that is, be compensable by workers' compensation, as if her car had skidded on ice and struck an object while she was traveling to see a patient or even coming from a home of a patient towards her own home.

The trial court, citing *Fisher, supra,* found that defendant Maria Joseph Living Care Center had no control over Hampton's driveway and that her driveway was "a distance from her employment." In this respect, we do not believe the trial court viewed the evidence in the light most favorable to Hampton. Her place of employment was not the business premises of Maria Joseph Living Care Center, but was rather Hampton's own house, automobile, and the homes of the patients she visited on behalf of her employer. In this situation, it is clear that the employer has waived any direct control of Hampton's driveway as well as her "tools of the trade," such as her automobile. The trial court also believed that her employer received no benefit from Hampton's presence in her driveway that night, but it can also be reasonably inferred that her employer was actually receiving the benefit of her travel in the course of her employment and that her travel had not ended at the time of her injury. We find the reasoning of the Supreme Court of Ohio in *Outland v. Indus. Comm.* (1940), 136 Ohio St. 488, 493–494, 17 O.O. 92, 94, 26 N.E.2d 760, 762, instructive:

"Defendant's counsel urge that if all the evidence favorable to plaintiff be conceded to be true, still plaintiff cannot recover as a matter of law because the decedent in going to his home to get the garage keys and prospect book departed from or stepped out of the course of his employment. Counsel in this behalf argue that decedent was like a pieceworker in a factory who forgets his tools and goes home after them on his own time, and that at the time he met his death, he

was out of the zone of his employment. Then, too, *there is the suggestion that he was in exactly the same relation to his employer as if he had been going to his home* from his employer's place of business for a meal or *for the night.* These contentions leave vital elements out of consideration. Decedent was not a pieceworker plying his trade in a particular place. His work took him upon roads, streets and sidewalks and into houses and other buildings and subjected him to road risks and the hazards of travel by conveyance *and on foot.* When he left to see or seek a prospect he was, while on his way, in the zone of his employment. Such an employee, who on a trip for his employer goes into a building to see a prospect or get something needed in the work then being done in the employer's behalf, is in the course of his employment and *the legal import of his relation is not altered because the building happens to be his own home.*

"If the deceased employee, needing his garage keys and prospect book, went to his home to get them in the course of his journey to see a prospect and sustained an injury from the risk or hazard of travel in entering his home, such injury was sustained in the course of and arose out of his employment and would be compensable; on the other hand if he went to his home to leave Christmas presents there or for other purposes of his own, the injury would not be compensable. On the question of departure there was merely an issue of fact for the determination of the jury under proper instructions of the court." (Emphasis added.)

It has been held that it is a question for the jury whether an employee was injured in the course of his employment when the injury occurred while the employee was traveling either to or from a "semi-fixed" job site. *Fletcher v. Northwest Mechanical Contr., Inc.* (1991), 75 Ohio App.3d 466, 599 N.E.2d 822. It has also been held that an injury suffered by a school teacher in an automobile accident was compensable under the Workers' Compensation Act when she suffered the injury while traveling from an institute she was attending to the place she was going to spend the night because she had been directed to attend the institute by her employer. *Bower v. Indus. Comm.* (1939), 61 Ohio App. 469, 15 O.O. 307, 22 N.E.2d 840. A compensable injury has even been found where the employee triggered an explosion when he turned the ignition key on his car in his own garage at his own home because he was about to attend a scheduled business meeting outside his office within the scope of his employment.[1] *Siegen v. Craig Indus. Products* (Apr. 4, 1985), Cuyahoga App. No. 48507, unreported, 1985 WL 7934.

---

1. The employee in *Siegen* did not trigger a bomb in his automobile. He was injured because a nearby gas main had leaked natural gas into the garage.

It has even been held, as a matter of law justifying a summary judgment on the issue, that an employee traveling to a worksite where he had been dispatched by his employer and injured while in the course of travel is covered under the Workers' Compensation Act when the employee is not being reimbursed for his travel expenses. *Skula v. Nationwide Ins. Co.* (May 5, 1994), Cuyahoga App. No. 65486, unreported, 1994 WL 173480. In the case *sub judice*, Hampton was in fact reimbursed for her travel expenses.

As recently as September 1994, it has been held to be a question for the jury whether an employee is either a fixed-situs or a nonfixed-situs employee and whether an employee's injury during travel satisfies the "causal connection" test based upon the factors of the proximity of the accident to the place of employment, the degree of control the employer had at the scene of the accident, and the benefit to the employer from the employee's presence at the scene of the accident. *Demko v. Admr., Bur. of Workers' Comp.* (Sept. 26, 1994), Portage App. No. 93-P-0067, unreported, 1994 WL 587963.

We believe that a trier of fact in the case *sub judice* could reasonably infer from the undisputed evidence, first, that Hampton's travel in the course of her employment was not completed when she parked her car, but rather was still in process when she was walking up her driveway towards her home, and, second, that she was still in the course of her employment because she intended to communicate by telephone again with a patient she had been talking to on her car telephone and, possibly, travel to that patient's house that same night. These are reasonable inferences that conflict with the contrary inferences drawn by the trial court, and therefore summary judgment was not appropriate, particularly considering the precepts that when considering a summary judgment motion the evidence must be construed most favorably for the nonmoving party, and that the rules governing the award of workers' compensation benefits must be applied liberally in favor of granting the award.

All three of Hampton's assignments of errors are sustained. Judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BROGAN, P.J., and WOLFF, J., concur.