**WERDEN, Appellant,**

**v.**

**OHIO BUREAU OF WORKERS' COMPENSATION; Servi–Temp, Inc., Appellee.**

[Cite as *Werden v. Ohio Bur. of Workers' Comp.*, 151 Ohio App.3d 815, 2003-Ohio-1222.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 02–CA–102.

Decided March 13, 2003.

816

Elliott, Heller, Maas, Moro & Magill Co., L.P.A., and C. Douglas Ames, for appellant.

Bricker & Eckler LLP and Thomas R. Sant, for appellee.

---

GENE DONOFRIO, Judge.

{¶ 1} Plaintiff-appellant, Kenneth C. Werden, appeals from a judgment of the Mahoning County Common Pleas Court granting summary judgment in favor of defendant, the Administrator of the Bureau of Workers' Compensation, and defendant-appellee, Servi–Temp, Inc.

{¶ 2} Appellant was injured in an automobile accident on his way to a work site on November 24, 1999. At the time, appellant was employed by appellee as a sheet metal worker. Appellee is a mechanical contractor for commercial and industrial projects. On the date of appellant's accident, he was to report to work on a job site at Commercial Intertech on Logan Avenue in Youngstown.

{¶ 3} Appellant filed a claim for workers' compensation for the injuries he sustained to his right hip, including dislocation and a fracture of his femur. The claim was allowed and appellee appealed the decision. The appeal was heard before the Industrial Commission's district hearing officer and subsequently by its staff hearing officer. Both allowed appellant's claim. Appellee pursued an appeal of the case to the Industrial Commission; however, the Industrial Commission refused further consideration of the claim. Appellee then filed an appeal in the trial court. Appellant refiled his complaint for workers' compensation benefits in the trial court on November 5, 2001. On March 15, 2002, appellee filed a motion for summary judgment. The court found that appellee was entitled to judgment as a matter of law and entered summary judgment in its favor on May 3, 2002. Appellant filed his timely notice of appeal on May 31, 2002.

{¶ 4} Appellant raises one assignment of error, which states:

{¶ 5} "The trial court erred in holding that the undisputed facts mandate judgment in favor of granting summary judgment."

{¶ 6} In reviewing an award of summary judgment, appellate courts must apply a de novo standard of review. *Cole v. Am. Indus. & Resources Corp.* (1998), 128 Ohio App.3d 546, 552, 715 N.E.2d 1179. Thus, we shall apply the same test as does the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377. A

"material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.* (1995), 104 Ohio App.3d 598, 603, 662 N.E.2d 1088, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 247–248, 106 S.Ct. 2505, 91 L.Ed.2d 202.

{¶ 7} We should note that the parties attached copies of the staff hearing officer's decision and the district hearing officer's decision to the motion for summary judgment and response in opposition. These decisions were never filed in the trial court. Civ.R. 56(C) lists the types of documents a court may consider when ruling on a motion for summary judgment. They include pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. Civ.R. 56(C). The proper way to introduce evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate such evidence by reference in an affidavit pursuant to Civ.R. 56(E). *Robinson v. Springfield Local School Dist. Bd. of Edn.*, 9th Dist. No. 20606, 2002-Ohio-1382, 2002 WL 462860, at ¶ 25. Neither party followed this procedure. However, both parties attached the copies of the decisions to their motion for and response against summary judgment and both parties referred to the decisions in their motion/response, thus acknowledging their authenticity. Additionally, neither party objected to the court's considering the decisions. Appellate courts have held that such evidence may be considered. See *Robinson*, 9th Dist. No. 20606, 2002-Ohio-1382; *Nalbach v. Cacioppo*, 11th Dist. No. 2001–T–0062, 2002-Ohio-53, 2002 WL 32704; *Helton v. Ohio Adult Parole Auth.* (June 26, 2001), 10th Dist. No. 00AP–1108, 2001 WL 709946. Thus, we will consider the staff hearing officer's and district hearing officer's decisions.

{¶ 8} First, we shall examine the applicable rules to apply in cases where an employee injured on his way to work seeks workers' compensation benefits. In order to participate in the Workers' Compensation Fund, an employee must demonstrate that he sustained his injury both "in the course of" and "arising out of" his employment. R.C. 4123.01(C). The most recent Ohio Supreme Court case on this subject which sets out the rules pertinent to this case, and the one on which both parties rely, is *Ruckman v. Cubby Drilling, Inc.* (1998), 81 Ohio St.3d 117, 689 N.E.2d 917.

{¶ 9} Cases such as the one at bar are generally covered by the "coming-and-going" rule. The coming-and-going rule is applied to determine whether an injury sustained by an employee in an automobile accident was sustained "in the course of" and "arising out of" his employment so as to constitute a compensable injury. Id. at 119, 689 N.E.2d 917. The key determination under the coming-and-going rule is whether the employee is a "fixed-situs" employee. Generally, a fixed-situs employee injured on his way to or from work

may not recover from the Workers' Compensation Fund because the requisite causal connection between the injury and the employment is nonexistent. Id., quoting *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 68, 572 N.E.2d 661, citing *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 15 O.O.3d 359, 401 N.E.2d 448. Whether an employee is a fixed-situs employee depends on whether he commences his substantial employment duties only after arriving at a specific and identifiable work place designated by his employer. Id. This focus remains the same even if the employee is reassigned to a different workplace monthly, weekly, or even daily. Id at 120, 689 N.E.2d 917. Each particular job site may constitute a fixed location. Id.

{¶ 10} Appellant argues that he sustained his injuries while in the course of his employment. He contends that to be considered in the course of employment, the employee must be performing a required duty directly or incidentally in the service of his employer as opposed to personal business disconnected with the employment. Appellant asserts that he was required to travel to various job locations as a condition of his employment. He alleges that he was fulfilling a job requirement while traveling to his employer-assigned job site when he was involved in the automobile accident. In the alternative, appellant argues that even if he is a fixed-situs employee, he is still entitled to benefits because he sustained his injuries while traveling to his job site and such travel serves a function of his employer's business.

{¶ 11} The pertinent undisputed facts as gleaned from the district hearing officer's decision reveal the following. The nature of appellant's employment requires him to drive his own car to various customer locations. Some of his jobs last days while others last several weeks. The customer locations are generally limited to Mahoning, Trumbull, and Columbiana Counties in Ohio and Mercer County in Pennsylvania. Occasionally appellant is required to report to job sites in Cleveland, Pittsburgh, and Uniontown. Additionally, there are times when appellant is required to report to appellee's shop. The amount of time appellant spends at appellee's shop depends on the size of his job. Some weeks appellant never reports to the shop.

{¶ 12} One important disputed fact exists. The district hearing officer found that appellant had job duties that required him to work away from his assigned work locations. On the contrary, Joel Beardman, appellee's vice president, swore in his affidavit that appellant had absolutely no duties to perform away from his assigned work site.

{¶ 13} Both the district hearing officer and the staff hearing officer found that appellant is not a fixed-situs employee; thus, the coming-and-going rule does not prevent him from collecting workers' compensation benefits. The district hearing officer elaborated on her finding stating that appellant had job duties

that required him to work away from his assigned work locations. The trial court failed to give any reasons to support its award of summary judgment to appellee.

{¶ 14} Applying the law to the facts of this case, it appears that appellant may not be a fixed-situs employee. Unlike the employees in *Ruckman*, appellant usually only traveled within a half-hour from his home. More important, however, is whether appellant's workday was confined to reporting to a specific job site and remaining there until the day's end. The answer to this question of fact will likely affect the outcome of this case. The district hearing officer found that appellant had job duties that required him to work away from his assigned work locations. She found that appellant spent time at appellee's shop as well as at customer locations and that appellant's workday did not always begin and end at the customer location. She also found that appellant's job required him to report to the shop and to various job sites. Thus, while coming and going to and from a customer location, from either home or appellee's shop, appellant was engaged in the furtherance of appellee's business. Additionally, the district hearing officer made a key observation. We must consider appellant's job duties as a whole when determining whether he is a fixed-situs employee; we cannot rely only on what he was doing the day he was injured. Given these facts and Beardman's affidavit stating that appellant had no job duties to perform away from his assigned work site, a genuine issue of material fact exists as to whether appellant was a fixed-situs employee. If the trier of fact finds that appellant traveled from home to one job site each day, never left the site, and performed no work duties away from the site, most likely appellant is a fixed-situs employee. However, even if appellant is a fixed-situs employee, he may still be entitled to benefits if he meets the requirements set out below.

{¶ 15} If a fixed-situs employee is not eligible for benefits under the coming-and-going rule, he may still be entitled to benefits if he can demonstrate that he suffered an injury in the course of and arising out of his employment. *Ruckman*, 81 Ohio St.3d at 120, 689 N.E.2d 917. The "in the course of" requirement goes to the time, place, and circumstances of the injury, which can demonstrate the required nexus between the injurious activity and the employment relationship. Id. Under this requirement, the employee need not be injured while performing work for his employer. Id. It is enough if the employee can show that his injury was sustained while he was engaging in an activity that is consistent with the contract for hire and logically related to his employer's business. Id. Normally, an employee's commute to a fixed work site is not sufficiently related to the employer's business to be in the course of employment. Id. at 121, 689 N.E.2d 917. However, where the employee travels to the premise of his employers' customers to satisfy a business obligation, the requisite relationship may be established. Id.

{¶ 16} Since appellant was en route to a fixed job site, one could argue that he was not in the course of his employment when he was involved in the traffic accident. However, appellant was commuting to the premises of one of appellee's customers to satisfy a business obligation. Additionally, we must again consider appellant's job as a whole, not just his job duties on the day of the accident. Appellant was required to travel to various work sites, which sometimes changed daily. In addition, appellant may have been required to travel to and from appellee's shop where the amount of time he spent there varied. It appears that appellee expected appellant to be available to travel to various customer locations both from its shop and from home. Once again, it should be noted that whether appellant's workday always began and ended at his assigned work site plays an important role in this determination. Travel may have been a condition of his employment. If appellant meets the "in the course of" requirement, he also must demonstrate the "arising out of" requirement.

{¶ 17} In order to satisfy the "arising out of" requirement, the employee must demonstrate a causal connection between the injury and his employment. *Ruckman*, 81 Ohio St.3d at 121–122, 689 N.E.2d 917, citing *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 277–278, 551 N.E.2d 1271. To determine whether a sufficient causal relationship exists, courts use the test set out in *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96. *Ruckman*, 81 Ohio St.3d at 122, 689 N.E.2d 917. The *Lord* test requires the court to consider "(1) the proximity of the scene of the accident to the place of employment; (2) the degree of control the employer had over the scene of the accident; and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." *Lord*, 66 Ohio St.2d at 444, 20 O.O.3d 376, 423 N.E.2d 96. If the employee fails under the *Lord* test, he may still prevail if under the totality of the circumstances he demonstrates a sufficient causal connection between injury and employment. *Ruckman*, 81 Ohio St.3d at 122, 689 N.E.2d 917.

{¶ 18} Appellant asserts that his injuries arose out of his employment. He contends that the totality of the circumstances demonstrate that appellee benefited by his travel to the job site.

{¶ 19} Applying the *Lord* factors to the case at bar, appellant does not meet the "arising out of" requirement. Appellant's accident occurred on Olive Street, which is approximately five miles from appellant's home. (Beardman Affidavit.) The job site at Commercial Intertech is approximately 20 miles from appellant's home. (Beardman Affidavit.) Thus, appellant was approximately one-fourth of the way to his job site, still closer to home than to work. Additionally, appellee had no control over the traffic on Olive Street. Whether appellee received any benefit from appellant's presence at the scene of the accident is doubtful. One

could argue that appellee's benefit was that appellant was on his way to satisfy a business obligation for appellee at the time. However, appellant had not yet arrived at a place where he was to perform appellee's business. Thus, appellant's presence at the accident site itself was of little if any benefit to appellee.

{¶ 20} Even though appellant does not prevail under the *Lord* test, he may still meet the "arising out of" requirement if the totality of the circumstances establishes a sufficient causal connection between his injury and his employment. Since workers' compensation cases are very fact-specific, no one test can apply to every factual scenario. *Ruckman*, 81 Ohio St.3d at 122, 689 N.E.2d 917, quoting *Fisher*, 49 Ohio St.3d at 280, 551 N.E.2d 1271. When considering the totality of the circumstances, a connection may exist between appellant's injury and his employment. If traveling to and from the shop and various work sites was part of appellant's employment, his risk of being involved in a traffic accident was elevated. Most people commute to one fixed work site and remain there until the work day is complete. Thus, it is imperative to determine whether appellant ever performed work duties away from his assigned site. If appellant was required to travel not only to different job sites on different days but to travel to and from appellee's shop, his injuries can be said to have arisen out of his employment.

{¶ 21} Finally, appellant argues that if he does not qualify for benefits under the above arguments, then he qualifies under the special-hazard test.

{¶ 22} If an employee can demonstrate that he meets the "in the course of" requirement but cannot demonstrate that he meets the "arising out of" requirement, an exception exists under which he may still qualify for workers' compensation benefits. This exception is known as the "special hazard" rule. "Under the 'special hazard' exception, a fixed-situs employee, injured while commuting to or from work, may demonstrate that his injuries 'arose out of' his employment by showing that his travel served a function of his employer's business and created a risk that was distinctive in nature or quantitatively greater than the risk common to the general public during commutes." *Barber v. Buckeye Masonry & Constr. Co.* (2001), 146 Ohio App.3d 262, 270–271, 765 N.E.2d 951, citing *Ruckman*, 81 Ohio St.3d at 124, 689 N.E.2d 917. The special hazard rule does not encompass risks the general public similarly encounters as travel over streets and highways to and from the employee's place of employment. *Ruckman*, 81 Ohio St.3d at 123, 689 N.E.2d 917, quoting *Indus. Comm. v. Baker* (1933), 127 Ohio St. 345, 188 N.E. 560, paragraph four of the syllabus.

{¶ 23} In *Ruckman*, the Ohio Supreme Court determined that the special-hazard rule applied to the fixed-situs employees who sustained injuries in automobile accidents on their way to job sites. The court pointed to three main factors to support the application of the special-hazard rule to these employees.

The first two factors the court mentioned were the temporary nature and constantly changing location of the employees' work sites. The employer regularly dispatched the employees over a three-state area for work assignments lasting three to ten days. The court remarked that the employees did not know the location of future assignments and it was impossible for them to fix their commute in relation to the remote work sites. It also noted that the employer dispatched its employees to the work sites without regard to the distance they would have to travel. The court observed that the employer paid a bonus to its employees based on how far they worked from the company's headquarters; however, the bonus was minimal and did not cover overnight expenses. The third factor the court considered was the distance of the employees' commute to the work sites. It stated that the employer required its employees to report to sites separated by significant distances from both each other and from the company headquarters. The court observed that although the employees were within an area of a one-day drive, the area was not small enough to equate to the work commutes experienced by the general public. Finally, the court pointed out that usually the commuting distance to a fixed work site is a personal choice since the employee chooses where he will reside. However, in this case, the employment relationship dictated that the employees undertake interstate and lengthy intrastate commutes, which significantly increased their exposure to traffic risks.

{¶ 24} The district hearing officer specifically distinguished the present case from *Ruckman;* however, it did so on the basis that appellant is not a fixed-situs employee as were the *Ruckman* employees. When we compare appellant's commute to that of the employees in *Ruckman,* there are similarities. Appellant's job sites are both temporary in nature and constantly changing. Although appellant's potential work sites do not cover a three-state area, he is regularly required to report to job sites in four counties (in two states) and is periodically required to report to sites in Cleveland, Pittsburgh, and Uniontown. Thus, his potential work area spans as far northwest as Cleveland, as far south as Wellsville, and as far east as Pittsburgh. Additionally, there is no indication that appellant knows the location of his future job sites. As was the case in *Ruckman,* appellee's customers determine the location of the job sites. Appellee does not pay appellant any type of bonus, as did the employer in *Ruckman;* however, the *Ruckman* employees' bonus was minimal. The biggest difference between the case at bar and *Ruckman* is the distance the employees traveled and the fact that the *Ruckman* employees were frequently required to stay overnight at various locations. The *Ruckman* employees traveled greater distances than does appellant, and there is no indication that appellant has ever been required to travel for several days at a time. Such a distinction is relevant as it sets the *Ruckman* employees apart from the general public. Hence, a question of fact

exists as to whether appellant's traveling constitutes a special hazard. See *Barber*, 146 Ohio App.3d 262, 765 N.E.2d 951.

{¶ 25} In view of the above analysis, genuine issues of material fact exist. Thus, summary judgment in appellee's favor was not appropriate. Accordingly, appellant's assignment of error has merit.

{¶ 26} For the reasons stated above, the judgment of the trial court is hereby reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WAITE and DEGENARO, JJ., concur.