MOSS, Appellant,

v.

CONRAD, Admr., Ohio Bureau of Workers' Compensation, et al., Appellees.

[Cite as *Moss v. Conrad,* 157 Ohio App.3d 47, 2004-Ohio-2065.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

No. 03CA31.

Decided April 16, 2004.

48

Spears & Associates and David R. Spears, appellant.

Michael H. Strong, for appellee Ultimate Health Care, Inc.

PETER B. ABELE, Judge.

{¶ 1} This is an appeal from a Lawrence County Common Pleas Court summary judgment in favor of Ultimate Health Care, Inc., defendant below and appellee herein, and against Janet Moss, plaintiff below and appellant herein, on appellant's claim that she is entitled to participate in the Ohio Bureau of Workers' Compensation Fund.

{¶ 2} The following errors are assigned for our review [1]:

{¶ 3} First Assignment of Error:

"The trial court's finding that Moss was a fixed situs employee was against the manifest weight of evidence and constituted reversible error."

{¶ 4} Second Assignment of Error:

"The trial court's finding that Moss did not fall within the applicable exceptions to the coming and going rule constituted reversible error."

{¶ 5} On May 2, 2002, appellant was employed as a home health-care worker by three related, but separate, companies, including appellee, Health Management Nursing Services, Inc., and Quality Nursing Services, Inc. Appellant began her day at the home of Earl Adams (a client of Quality Nursing Services, Inc.), then drove to the home of Dixie Adkins (one of appellee's clients). While waiting to turn into Adkins's driveway, her car was struck from behind by another car. As a result of the collision, appellant sustained a concussion and a back injury.

{¶ 6} Appellant filed a claim with the Ohio Bureau of Workers' Compensation. Her claim was denied on grounds that her injuries were not sustained in the course of employment. On November 14, 2002, appellant appealed from that decision to the trial court and filed a complaint against appellee and C. James Conrad, Administrator of Ohio Bureau Workers' Compensation,[2] and claimed that she is entitled to participate in benefits under the Ohio Workers' Compensation Act. Each defendant denied her entitlement.

{¶ 7} On September 25, 2003, appellee filed a motion for summary judgment. In particular, appellee argued that appellant was a "fixed situs employee" and reported to work at the home of appellee's client without going to appellee's office beforehand. Appellee supported its argument with an affidavit of Douglas

---

1. Appellant neglected to include a separate statement of the assignments of error in her brief as required by App.R. 16(A)(3). Thus, we have extracted these assignments of error from her table of contents.

2. Appellant also joined Health Management Nursing Services, Inc. and Quality Care Nursing Services, Inc. as defendants. Subsequently, appellant dismissed these defendants pursuant to Civ.R. 41(A).

Freeman, chief executive officer of appellee, who attested that appellant worked at Adkins's home "Monday through Friday from 12:30 p.m. to 4:30 p.m." Freeman continued that this was appellee's "fixed work site" and that she "did not report to the office of Ultimate Health Care each day before reporting to work." Because she was traveling to her fixed site of employment at the time of the accident, appellee concluded that appellant could not participate in the Workers' Compensation Fund under the Ohio Supreme Court's "coming-and-going" rule.

{¶ 8} Appellant did not file an opposing memorandum. Rather, appellant filed her own motion for summary judgment and argued that she was entitled to participate in the Workers' Compensation Fund as a matter of law. Specifically, appellant asserted that (1) she was not a fixed-situs employee; and (2) that even if she were a fixed-situs employee, her status fell under one of the exceptions to that rule. Thus, appellant reasoned, she was entitled to workers' compensation benefits. In support of her motion, appellant attached her own affidavit, as well as various other exhibits.

{¶ 9} On October 28, 2003, the trial court determined that appellant's injury was not compensable as a matter of law and granted appellee's motion for summary judgment. The court concluded that appellant, a fixed-situs employee, was on the way to her fixed worksite when the accident occurred. Thus appellant is not entitled to participate in workers' compensation benefits. The court further ordered that appellant's complaint be dismissed with prejudice. This appeal followed.

I

{¶ 10} At the outset, we note that this appeal comes to us by way of summary judgment. It is well settled that appellate courts review summary judgments de novo. See *Broadnax v. Greene Credit Serv.* (1997), 118 Ohio App.3d 881, 887, 694 N.E.2d 167; *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 41, 654 N.E.2d 1327; *Maust v. Bank One Columbus, N.A.* (1992), 83 Ohio App.3d 103, 107, 614 N.E.2d 765. Thus we afford no deference to the trial court's decision, see *Hicks v. Leffler* (1997), 119 Ohio App.3d 424, 427, 695 N.E.2d 777; *Dillon v. Med. Ctr. Hosp.* (1993), 98 Ohio App.3d 510, 514–515, 648 N.E.2d 1375; *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 411–412, 599 N.E.2d 786, and we conduct our own independent review to determine whether summary judgment is appropriate. *Woods v. Dutta* (1997), 119 Ohio App.3d 228, 233–234, 695 N.E.2d 18; *Phillips v. Rayburn* (1996), 113 Ohio App.3d 374, 377, 680 N.E.2d 1279; *McGee v. Goodyear Atomic Corp.* (1995), 103 Ohio App.3d 236, 241, 659 N.E.2d 317.

{¶ 11} Summary judgment under Civ.R. 56(C) is appropriate when the movant can demonstrate that (1) there are no genuine issues of material fact; (2) it is

entitled to judgment in its favor as a matter of law; and (3) reasonable minds can come to only one conclusion and that conclusion is adverse to the opposing party. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201; *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46. The nonmoving party is entitled to have the evidence construed most strongly in his or her favor.

{¶ 12} We further note that the party moving for summary judgment bears the initial burden of demonstrating that there exists no genuine issue of material fact and that the moving party is entitled to judgment in its favor as a matter of law. See *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. Once that burden has been satisfied, the onus shifts to the nonmoving parties to provide rebuttal evidentiary materials. See *Trout v. Parker* (1991), 72 Ohio App.3d 720, 723, 595 N.E.2d 1015; *Campco Distributors, Inc. v. Fries* (1987), 42 Ohio App.3d 200, 201, 537 N.E.2d 661; *Whiteleather v. Yosowitz* (1983), 10 Ohio App.3d 272, 275, 10 OBR 386, 461 N.E.2d 1331. With these principles in mind, we turn our attention to the case sub judice.

## II

{¶ 13} Appellant argues in her first assignment of error that the court erred in determining that she was a fixed-situs employee. We disagree.

{¶ 14} Our analysis begins from the proposition that an employee with a fixed place of employment, who is injured while going to or from that employment, is not entitled to participate in workers' compensation. The rationale for this particular position is that the requisite causal connection between injury and employment does not exist. *Ruckman v. Cubby Drilling, Inc.* (1998), 81 Ohio St.3d 117, 119, 689 N.E.2d 917; *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 572 N.E.2d 661, at the syllabus. Thus, if Adkins's home was appellant's fixed place of employment, then appellant traveled to that fixed place of employment when the accident occurred. Thus, appellant is not entitled to participate in the Workers' Compensation Fund pursuant to the "coming-and-going rule."

{¶ 15} In determining whether an employee is a fixed-situs employee, courts examine whether the employee commences her substantial employment duties only after she arrives at a specific and identifiable work place designed by her employer. This standard remains the same even if the employee is re-assigned to a different work place monthly, weekly, or even daily. *Ruckman,*

supra, at paragraph one of the syllabus; see, also, *Werden v. Ohio Bur. of Workers' Comp.*, 151 Ohio App.3d 815, 786 N.E.2d 107, at ¶ 9.

{¶ 16} The affidavit of Douglas Freeman attested that at the time of the accident, appellant had worked the same schedule for five months. Freeman maintained that appellant worked at Adkins's home every week day from 12:30 p.m. to 4:30 p.m. and that appellant reported directly to Adkins's home during those days. Appellant never came to appellee's offices. This scenario forms a sufficient basis for the trial court's conclusion that Adkins's home was appellee's fixed site of employment and that appellee was on her way to work at the time the accident occurred.

{¶ 17} Appellant counters that the trial court erred in determining that she was a fixed-situs employee because it failed to consider her affidavit, which stated that she left Adkins's home "two to four times per week to perform duties such as shop for groceries, run errands, and pay bills." We fail to see how this has any bearing on the issue. Appellant seems to rely on that part of the *Werden* case wherein the Seventh District held that the status of "a fixed-situs employee depends on whether [she] commences [her] substantial employment duties *only after arriving at a specific and identifiable work place.*" (Emphasis added.) Id. at ¶ 9, citing Ruckman. Appellant appears to argue that in light of the fact that she leaves Adkins's home several times per week to run errands, she is not a fixed-situs employee. We disagree.

{¶ 18} We believe that the flaw in appellant's argument is that appellant runs errands after she arrives at her fixed situs of employment. Indeed, her affidavit states that she "would *leave the residence of Dixie Adkins* two or four times per week." (Emphasis added.) These trips, although part of appellant's employment, were carried out after she arrived at her fixed situs of employment. The trips could be considered part of appellant's employment. Had appellant been injured while running an errand connected with her employment, she may have been entitled to participate in the Workers' Compensation Fund. In this case, however, appellant cites no authority to support her argument that occasional trips, after arriving at a fixed site of employment, shield her from a fixed-situs-employee classification, and we have found no such authority in our own research.

{¶ 19} Accordingly, in view of the fact that appellant has not provided evidence to rebut the evidence adduced by appellee that appellant is a fixed-situs employee, we find nothing improper in the trial court's judgment, and we hereby overrule appellant's first assignment of error.

### III

{¶ 20} Appellant argues in her second assignment of error that the trial court erred in finding that her case "did not fall within the applicable exceptions to the coming-and-going rule." We are not persuaded.

{¶ 21} Appellant asserts that the "totality of the circumstances exception" applies in this instance. Appellant refers to *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96; and *Hampton v. Trimble* (1995), 101 Ohio App.3d 282, 655 N.E.2d 432, and argues that because the accident occurred on the street outside Adkins's home, and because appellee (her employer) benefited by her being there, she should recover under this test. We disagree.

{¶ 22} In *Ruckman*, supra, the Ohio Supreme Court explained that a fixed-situs employee may avoid the coming-and-going rule "in the rare circumstance" when she can nevertheless demonstrate that she received an injury (1) in the course of employment; and (2) arising out of her employment. 81 Ohio St.3d at 120, 689 N.E.2d 917, citing *MTD Products*, supra, 61 Ohio St.3d at 66, 572 N.E.2d 661. With respect to whether the accident arose in the "course of employment," the court noted that when a job requires a worker be on the premises of her employer's customer, travel to or from that premises to perform the job means such travel occurs "in the course of their employment." *Ruckman*, supra, 81 Ohio St.3d at 121, 689 N.E.2d 917.

{¶ 23} In the instant case, appellant's situation arguably satisfies the first part of the *Ruckman* test because she was on the way to Adkins's home when the accident occurred. In order, however, to determine whether an injury "arose out of her employment," courts must look to the "totality of the circumstances" test set out in *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96, at the syllabus. The totality-of-the-circumstances test requires that courts consider (1) the proximity of the scene of the accident to the place of employment; (2) the degree of control the employer had over the scene of the accident; and (3) the benefit the employer received from the injured employee's presence at the scene of the accident. Id.; *Ruckman*, supra, 81 Ohio St.3d at 122, 689 N.E.2d 917. Under this test, we note that appellant's employer (appellee) had no control over the city streets where the accident took place. Furthermore, as in *Ruckman*, appellant's presence at the scene of the accident served little benefit to her employer. Although appellant had almost arrived at the place of her employment, the fact remains that the accident did not "occur at a location where [she] could carry on [her] employer's business." *Ruckman*, supra, 81 Ohio St.3d at 122, 689 N.E.2d 917. As appellee correctly notes, appellant simply was not "on the clock" at the time of the accident. See *Barber v. Buckeye Masonry & Constr. Co.* (2001), 146 Ohio App.3d 262, 272, 765 N.E.2d 951.

{¶ 24} Appellant also argues that we should adopt the holding in *Hampton v. Trimble* (1995), 101 Ohio App.3d 282, 655 N.E.2d 432. We find *Hampton* to be distinguishable, however. In *Hampton*, the appellant was not a fixed-situs employee and was not barred by the coming-and-going rule. Id. at 285, 655

N.E.2d 432. As we noted above, appellant is a fixed-situs employee and is barred by that rule. *Hampton* is thus inappositive to this case.

{¶ 25} The next exception appellant cites is the "special hazard rule." This rule stems from the Ohio Supreme Court's holding in *Littlefield v. Pillsbury Co.* (1983), 6 Ohio St.3d 389, 6 OBR 439, 453 N.E.2d 570:

"1. An employee will be entitled to workers' compensation benefits when the employment creates a special hazard and the injuries are sustained because of that hazard.

"2. The special hazard rule applies where: (1) 'but for' the employment, the employee would not have been at the location where the injury occurred, and (2) the risk is distinctive in nature or quantitatively greater than the risk common to the public." Id. at paragraphs one and two of the syllabus.

{¶ 26} The Ohio Supreme Court in *Ruckman* subsequently modified the *Littlefield* syllabus to read:

"A fixed-situs employee is entitled to workers' compensation benefits for injuries occurring while coming and going from or to his place of employment where the travel serves a function of the employer's business and *creates a risk that is distinctive in nature from or quantitatively greater than risks common to the public.*" (Emphasis added.) 81 Ohio St.3d 117, 689 N.E.2d 917, at paragraph two of the syllabus.

{¶ 27} We do not believe that the instant case falls under the "special hazard rule" because appellant has not established that the risk she faces is distinctive in nature, or quantitatively greater, than the risks faced by the common public. Most workers commute to work. We recognize that appellant drives from one work situs in the morning to another in the afternoon. It, however, is not unusual that many people work several part-time jobs and commute from one to another. What made the commutes distinctive in *Ruckman* is that workers (1) constantly changed locations every three to ten days and (2) had lengthy interstate and intrastate commutes. We find no similar evidence here. In fact, insofar as changing locations are concerned, Freeman's affidavit attested that appellant had worked the same schedule at the same locales for the previous five months. Thus, we fail to see how appellant's work situation presented a "special hazard."

{¶ 28} Finally, appellant claims that her case falls under the "zone of employment" exception. Again, we are not persuaded. The "zone of employment" is another exception to the coming-and-going rule and allows employees to recover for injury sustained in the place of employment, or in the areas thereabouts, so long as those places are under the control of the employer. *Remer v. Conrad,* 153 Ohio App.3d 507, 2003-Ohio-4096, 794 N.E.2d 766, at ¶ 10;

see, also, *Tucker v. Michael's Store, Inc.*, Allen App. No. 1–02–94, 2003-Ohio-1538, 2003 WL 1571548, at ¶ 10; *Jobe v. Conrad* (Jan. 26, 2001), Montgomery App. No. 18459, 2001 WL 62516. In the case sub judice, the accident occurred on a public street. This location is manifestly outside the control of appellant's employer. Thus, we believe that the "zone of employment" exception does not apply.

{¶ 29} For all of these reasons, we find no error in the trial court's decision that no exception to the coming-and-going rule applies in this case, and we hereby overrule appellant's second assignment of error.

{¶ 30} Having considered all of the errors assigned and argued in the briefs, and after finding merit in none of them, we hereby affirm the trial court's judgment.

Judgment affirmed.

KLINE, P.J., and HARSHA, J., concur.