266

PHILLIPS, APPELLEE, *v.* INGERSOLL-HUMPHRYES DIVISION, BORG-WARNER CORP., APPELLANT, ET AL.

[Cite as Phillips v. Borg-Warner Corp. (1972), 32 Ohio St. 2d 266.]

(No. 72-238—Decided December 15, 1972.)

*Messrs. Rader & Matthews, Mr. Kenneth Agee* and *Mr. Harry Paulino,* for appellee.

*Messrs. Squire, Sanders & Dempsey* and *Mr. Van Carson,* for appellant.

BROWN, J. Appellee's first contention is that the trial court committed error in sustaining appellant's motion for a directed verdict.

Appellee argues that his petition and opening statement contain sufficient facts to warrant submission of the case to a jury. Appellee cites *Neckel* v. *Fox* (1924), 110 Ohio St. 150, and quotes therefrom language which indicates that a trial court should not accept a motion for directed verdict where the facts are so meagerly stated that the nature of the claim cannot be determined. Appellee contends that the opening statement and petition do contain sufficient facts to warrant submission of the case to the jury. Moreover, *Neckel* v. *Fox, supra,* is further distinguishable, inasmuch as this court, in *Pitts* v. *Cincinnati Metropolitan Housing Authority* (1953), 160 Ohio St. 129, affirmed a directed verdict at the close of an opening statement. There, the facts were not so meagerly stated as to prevent the trial court from determining the character of the suit.

We, therefore, disagree with appellee's first contention and conclude that where a decision is rendered on defendant's motion for a directed verdict, made at the close of plaintiff's opening statement, the court does not commit error in granting the motion, if, engaging in every reasonable inference from facts favorable to the party against whom the motion is directed, the proposed proof would not sustain a claim upon which relief could be granted.

Appellee asserts also that, pursuant to R. C. 4123.95, courts are required to liberally construe workmen's compensation statutes in favor of claimants. We are not persuaded by this argument.

Appropriate to this discussion is *Szekely* v. *Young* (1963), 174 Ohio St. 213. The second paragraph of the syllabus provides:

"A direction to liberally construe a statute in favor of certain parties will not authorize a court to read into the statute something which cannot reasonably be implied from the language of the statute."

Consequently, in construing factual situations, courts cannot bring unwarranted complainants within the spirit of a statute.

The second contention by appellee is the heart of the controversy herein. Appellee contends that he suffered an injury, with certain consequences, caused by his being subjected to extremely cold winds and temperature while working, and that his disability (physical and traumatic injury to circulatory and respiratory systems with either subsequent complications or aggravation of a pre-existing condition),* accidental in character and result, is an injury entitling him to the right to appeal to the Common Pleas Court under R. C. 4123.519, and to compensation for "injury," as defined in R. C. 4123.01(C).

The chief question to be decided is whether disability resulting from exposure to extremely cold winds and temperature while on the job, constitutes an injury within the purview of R. C. 4123.01(C). We think not.

This court has often held that, under the Workmen's Compensation Act, an injury "comprehends a physical or traumatic damage or harm," which must be "accidental in its character in the sense of being the result of a sudden mishap occurring by chance, unexpectedly and not in the usual course of events, at a particular time and place." *Malone* v. *Indus. Comm.* (1942), 140 Ohio St. 292, paragraph one of the syllabus.

Appellee submits that the present situation is analogous to the heat and cold cases. He argues that, by reason of his employment, he was subjected to a hazard greater than that to which the public was generally exposed. We find that argument to be without merit.

With respect to appellee's assertion that the injury resulted from being exposed to a hazard greater than that to which the public was exposed, we place principal reliance on the case of *Johnson* v. *Indus. Comm.* (1955), 164 Ohio St. 297. There, as here, the court was confronted with the issue of appealability of a claim based upon a disability caused by an infectious disease allegedly resulting from

---

*Physicians diagnosed appellee's condition as acute viremia with resulting ataxia of lower limbs. Viremia is defined as "the presence of viruses in the blood." Ataxia is defined as "failure of muscle coordination."

exposure to a hazard. In *Johnson*, Judge Taft, speaking for the majority, stated, at page 309:

"It may well be that, as the plaintiff argues, she should not be required in the instant case to do more than prove that her husband's death proximately resulted from his exposure to a hazard created by his employment. However, as hereinbefore pointed out, since the plaintiff, who is claiming compensation for her husband's death, asserts the right of appeal provided for in Section 1465-90, General Code, our statutes (Sections 1465-68 and 1465-82, General Code) require her to establish that the death was caused by a compensable injury other than a disease. It is the function of this court to interpret and apply those statutes and not to revise them."

It is clear, therefore, that a claimant seeking assistance from the Workmen's Compensation Fund must establish that the suffering approximately results from a compensable injury other than a disease. Appellee has not submitted evidence which would so establish.

Although it may be true that appellee worked under extremely cold conditions, it is certaintly untenable to contend that contacting a virus is unusual and unexpected and therefore accidental. Nor is it sound to contend that a worker's weaker resistance to infection accidently resulted from and was accidently caused by the hazards of his employment. As stated in *Johnson* v. *Indus. Comm.*, *supra*:

"In our opinion, a workman's weakened resistance to infection from pneumonia, even though it may represent a derangement of his bodily functions, cannot be considered an injury within the meaning of the Workmen's Compensation Act." See, also, *Indus. Comm.* v. *Brumm* (1935), 130 Ohio St. 248, and *Renkel* v. *Indus. Comm.* (1923), 109 Ohio St. 152.

The judgment of the Court of Appeals is, therefore, reversed and final judgment is rendered for the appellant.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.