**KELLOGG, Appellant,**

v.

**MAYFIELD et al., Appellees.**

[Cite as *Kellogg v. Mayfield* (1991), 72 Ohio App.3d 490.]

Court of Appeals of Ohio, Butler County.

No. CA90–03–061.

Decided Feb. 11, 1991.

*John A. Bell,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *William D. Haders,* for appellees.

JONES, Presiding Judge.

Plaintiff-appellant, Dorothy Kellogg, appeals a summary judgment granted to defendants-appellees, the Ohio Bureau of Workers' Compensation ("BWC") and its administrator, James Mayfield.

Appellant was employed in the BWC's Hamilton, Ohio office as a typist from approximately 1981 through 1986. Appellant, who had a history of chronic pulmonary conditions, bronchitis, allergies and bronchiectasis, contracted a pulmonary infection allegedly as the result of cold drafts and cigarette smoke in her workplace. She filed an application with the BWC for workers' compensation benefits, alleging that on or about December 15, 1985, she sustained an injury during the course of her employment. A district hearing officer considered the matter as both an injury and an occupational disease claim and concluded that appellant did not sustain an injury or contract an occupational disease in the course of, and arising out of, her employment. A regional board of review confirmed the district hearing officer's order in all respects and the Industrial Commission of Ohio denied appellant's appeal.

Appellant filed an appeal with the Butler County Court of Common Pleas pursuant to R.C. 4123.519. Appellees responded with a motion for summary judgment, which the trial court granted upon a determination that, as a matter of law, appellant had not suffered an "injury" as defined by R.C. 4123.01(C). In a single assignment of error, appellant claims the trial court erred in granting summary judgment to appellees.

According to appellant, summary judgment was improper since there is a genuine issue of material fact as to whether appellant suffered an "injury" within the meaning of R.C. 4123.01(C). R.C. 4123.01(C) defines "injury" as "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." Appellant's position is that the work-related aggravation of her pre-existing pulmonary condition qualifies as an injury for purposes of R.C. 4123.01(C). Appellant cites *Schell v. Globe Trucking, Inc.* (1990), 48 Ohio St.3d 1, 548 N.E.2d 920, as supporting authority. We disagree.

In *Schell, supra,* the employee both aggravated a pre-existing condition and suffered additional injuries as a result of a work-related accident. The Supreme Court recognized that under these circumstances, the aggravation of a pre-existing condition qualified as an "injury."

There are no such circumstances in the case at bar. Appellant contracted pneumonia from what she claims were adverse working conditions which aggravated her pre-existing condition. These facts, however, are more closely

related to those in *Phillips v. Borg–Warner Corp.* (1972), 32 Ohio St.2d 266, 61 O.O.2d 493, 291 N.E.2d 736, where the employee was disabled as the result of exposure to extreme cold and wind while operating a crane. The employee alleged that he sustained "physical and traumatic injury to circulatory and respiratory systems with either subsequent complications or *aggravation of a pre-existing condition.*" (Emphasis added.) *Id.* at 269, 61 O.O.2d at 494, 291 N.E.2d at 738. The Supreme Court held that such circumstances did not constitute an injury since the claimant must establish that the suffering proximately results from a compensable injury other than a disease. *Id.* at 270, 61 O.O.2d at 497, 291 N.E.2d at 738.

In the case at bar, the medical evidence indicates that appellant's condition was just as likely to result from conditions outside the workplace. Since there is no evidence that appellant suffered from an occupational disease, we agree with the result in *Phillips, supra,* and find that the trial court was correct in holding that appellant did not sustain an "injury" within the meaning of R.C. 4123.01(C) by contracting pneumonia. There being no genuine issue of material fact, the trial court correctly granted summary judgment to appellees. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46; *Wooster v. Graines* (1990), 52 Ohio St.3d 180, 556 N.E.2d 1163.

The assignment of error is overruled.

*Judgment affirmed.*

KOEHLER, J., concurs.

YOUNG, J., concurs separately.

WILLIAM W. YOUNG, Judge, concurring separately.

I sympathize with appellant for being placed in a situation where she is forced to endure smoke from co-workers. No doubt her health has been placed in danger because of this intolerable condition. However, such does not constitute any "injury" within the meaning of R.C. 4123.01(C) and the judgment must be affirmed.