DECISION AND JUDGMENT ENTRY
{¶ 1} HCR Manorcare, Inc. appeals the trial court's summary judgment concluding that appellee was entitled to participate in the Workers' Compensation Fund. HCR contends that the trial court incorrectly determined that appellee, who was traveling on public roads between two separate work sites, sustained her injuries in the course of and arising out of employment and that the coming-and-going rule did not bar her workers' compensation claim. Because under any analysis appellee's injuries did not arise out of her employment, she is not entitled to participate in the workers' compensation system. Therefore, we reverse the trial court's judgment.
 {¶ 2} On December 12, 2001, appellee sustained injuries in a car accident that occurred in Scioto County. At the time, appellee was between two separate work sites where she worked as a home health care aide. Her first work site was located in Otway in Scioto County, from 6:00 a.m. to 10:00 a.m., and the second work site was located in Hillsboro in Highland County, from 1:00 p.m. to 4:00 p.m. She had been working at these same two sites for the past few months. To reach her work sites, appellee drove her own car. HCR did not reimburse her for travel expenses and did not compensate her for time spent traveling. HCR designated the customers appellee was to serve and specified the locations, dates, and hours of service. Appellee normally was not required to report to HCR's place of business at the beginning or end of her workday.
 {¶ 3} On the date of the accident, appellee remained in the Otway home until 11:45 a.m. because she was waiting for a family member to arrive and care for the customer. HCR did not pay appellee for any services performed after 10:00 a.m. Around noon, appellee left the Otway home to travel to the next home.
 {¶ 4} As she was driving along State Route 73, she lost control of her car and struck a concrete culvert. At the time, she had her infant goddaughter with her in the car. She intended to take the child to her mother where they were meeting at a service station immediately adjacent to State Route 73 and less than one mile from the Hillsboro home.
 {¶ 5} Appellee subsequently sought the right to participate in the workers' compensation system for the injuries she sustained in the automobile accident, but the Bureau denied her claim. Thus, she appealed the decision denying her the right to participate.
 {¶ 6} Both parties then filed cross-motions for summary judgment concerning appellee's right to participate in the workers' compensation system. Appellee claimed that her injury occurred during the course of and arose out of her employment and that the "coming-and-going rule" did not bar her claim.
 {¶ 7} Appellant argued that the coming-and-going rule barred appellee's claim because appellee sustained her injuries while traveling to a fixed work site. Appellant contended that she was a dual fixed-situs employee, with two set assignments at two distinct locations with distinct starting and finishing times and that the interval between job assignments was personal time, solely within her control.
 {¶ 8} The trial court entered summary judgment in appellee's favor. It found that appellee's travel between the homes "was an integral and necessary part of her employment and was in furtherance of her employer's business. The risks encountered on public highways during such travel, a risk incidental to her employment, and was quantitatively greater than the risk associated with the stable commu[te] of a fixed situs employee, and thus arose out of her employment. [sic]"
 {¶ 9} Appellant timely appealed the trial court's judgment and raises the following assignments of error.
 {¶ 10} "First Assignment of Error:
 {¶ 11} "The trial court erred in finding that Appellee was not a fixed-situs employee as that term is defined in Ruckman v. CubbyDrilling, Inc. (1998), 81 Ohio St.3d 117."
 {¶ 12} "Second Assignment of Error:
 {¶ 13} "The trial court erroneously concluded that Appellee's injury resulting from an automobile accident while driving to work was sustained in the course of and arising out of her employment.
 {¶ 14} "Third Assignment of Error:
 {¶ 15} "The trial court erred in finding that Appellee's injury arose out of her employment pursuant to the `special hazard' exception."
 {¶ 16} An appellate court independently reviews a trial court's decision to grant summary judgment. See Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. In doing so, we apply the standard contained in Civ.R. 56. See Horsley v. Essman (2001),145 Ohio App.3d 438, 442, 763 N.E.2d 245. Under Civ.R. 56(C), summary judgment is appropriate when: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, when viewed most strongly in favor of the non-moving party, that reasonable minds can come to a conclusion only in favor of the moving party. See, e.g., Grafton,
supra.
 {¶ 17} Every employee who is injured or contracts an occupational disease in the course of employment is entitled to receive compensation for loss sustained as a result of the disease or injury as provided for in the Ohio Revised Code. R.C. 4123.54(A). R.C. 4123.01(C) defines what constitutes an "injury" in the workers' compensation context: "`Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." Thus, for an injury to be compensable, the employee must establish that the injury was received in the course of and arose out of the employee's employment. SeeStivison v. Goodyear Tire Rubber Co. (1997), 80 Ohio St.3d 498, 499,687 N.E.2d 458. "`All elements of the formula must be met before compensation will be allowed.'" Id. (quoting Fisher v. Mayfield (1990),80 Ohio St.3d 275, 277, 551 N.E.2d 1271). "In the course of" refers to "the time, place, and circumstances of the injury." Id. (citing Fisher,49 Ohio St.3d at 277-78). "Arising out of" refers to the "causal connection between the injury and the injured person's employment." Id. An injury arises out of employment "when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work was required to be performed and the resulting injury." Fox v. Indus. Comm. (1955),162 Ohio St. 569, 573, 125 N.E.2d 1. "[W]hen applying the [foregoing] analysis * * *, a reviewing court must examine the separate and distinct facts of each case. Historically, similar fact patterns have promulgated their own set of rules. * * * This is because workers' compensation cases are, to a large extent, very fact specific. As such, no one test or analysis can be said to apply to each and every factual possibility. Nor can only one factor be considered controlling. Rather, a flexible and analytically sound approach to cases is preferable. Otherwise, the application of hard and fast rules can lead to unsound and unfair results." Fisher, 49 Ohio St.3d at 280.
 {¶ 18} Additionally, courts must liberally construe the workers' compensation laws in favor of employees. See R.C. 4123.95; Bailey v.Republic Engineered Steels, Inc. (2001), 91 Ohio St.3d 38, 40,741 N.E.2d 121. In Bailey, the court explained that liberal construction of the workers' compensation laws require courts to adopt "the most comprehensive meaning of the statutory terms." Id. The court stated: "A liberal construction has been defined as giving `generously all that the statute authorizes,' and `adopting the most comprehensive meaning of the statutory terms in order to accomplish the aims of the Act and to advance its purpose, with all reasonable doubts resolved in favor of the applicability of the statute to the particular case. Interpretation and construction should not result in a decision so technical or narrow as to defeat the compensatory objective of the Act.' Fulton, Ohio Workers' Compensation Law (2 Ed. 1998) 9, Section 1.7." Bailey,91 Ohio St.3d at 40.
 {¶ 19} Although a court must liberally construe the workers' compensation laws in favor of the injured employee, a court may not "`read into the statute something which cannot reasonably be implied from the language of the statute.'" Phillips v. Borg-Warner Corp. (1972),32 Ohio St.2d 266, 268, 291 N.E.2d 736 (quoting Szekely v. Young (1963),174 Ohio St. 213, 188 N.E.2d 424 paragraph two of the syllabus).
 {¶ 20} In Ruckman v. Cubby Drilling, Inc. (1998), 81 Ohio St.3d 117,689 N.E.2d 917, the court recognized that the coming-and-going rule generally prohibits an employee from participating in the workers' compensation system for injuries sustained in an automobile accident while traveling to a fixed site of employment. This is so because rarely will such injuries be sustained in the course of or arise out of employment. See Id. at 119 (stating that "[t]he coming-and-going rule is a tool used to determine whether an injury suffered by an employee in a traffic accident occurs `in the course of' and 'arise[s] out of' the employment relationship so as to constitute a compensable injury"). In the rare case in which a fixed situs employee establishes that the injury occurred in the course of and arose out of employment, that employee may participate in the workers' compensation system. Id. at 120. The converse of this rule is that an employee who sustains an injury when traveling to an employment site that is not fixed may be able to participate in the workers' compensation system if the injury occurred in the course of and arose out of employment. See, generally, Demko v. Administrator, Bureauof Workers' Comp. (Oct. 7, 1994), Portage App. No. 93-P-0067.
 {¶ 21} Appellant concedes that appellee sustained her injuries in the course of employment. Thus, the parties primarily dispute (1) whether appellee was fixed situs employee; and (2) whether her injuries arose out of her employment. Because both fixed situs and non-fixed situs employees must establish that their injuries arose out of their employment, we start there.
 {¶ 22} "`The "arising out of" element * * * contemplates a causal connection between the injury and the employment." Ruckman,81 Ohio St.3d at 121-22 (quoting Fisher, 49 Ohio St.3d at 277-78). A totality of the circumstances test applies to determine whether there is a causal connection. Id. at 122. Under that test, courts should consider the following factors: "`(1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident.'" Id. at 122 (quoting Lord v. Daugherty (1981), 66 Ohio St.2d 441, 423 N.E.2d 96, at syllabus); see, also, Bartley v. Bagshaw Enterprises, Inc., Highland App. No. 03CA6, 2004-Ohio-2181.
 {¶ 23} In Ruckman, the claimants sustained injuries in traffic accidents that occurred while traveling from their homes to locations where the claimants drilled wells. At the time, none of the claimants was transporting any equipment needed for their job sites and the employer did not provide the vehicles for travel to the job sites. The court held that the claimants were fixed situs employees but nevertheless established their right to compensation because their travels to the work sites created a "special hazard." Ruckman did not find that application of the totality of the circumstances supported the claimants' right to participate. In applying the totality of the circumstances factors, the court stated: (1) "[e]ach accident occurred some distance away from the assigned work site"; (2) "[th]e employer exercised no control over the public roadways upon which the accidents occurred"; and (3) "the riggers' presence at the scene of the accident served little benefit to the employer." Id. at 122. The court explained: "Simply put, at the time of the accidents, none of the riggers had yet arrived at a place where the work was to be performed. Although the riggers' travel was necessitated by the employer's business obligations, the accident did not occur at a location where the riggers could carry on their employer's business."
Id.
 {¶ 24} In this case, similar to Ruckman, application of the totality of the circumstances factors does not support appellee's right to participate in the workers' compensation system. First, the accident occurred on a public highway. The record does not contain sufficient evidence for us to determine how far from her customers' homes the accident occurred. Second, HCR exercised no control over the scene of the accident. Third, appellee's presence at the scene of the accident "served little benefit to" HCR. See Id. While her presence may have been beneficial in the sense that it was to further her employment goal of reaching her next customer, the Ruckman court did not find this to be a sufficient benefit. See, also, Bartley, at ¶ 14; Moss v. Conrad,
Lawrence App. No. 03CA31, 2004-Ohio-2065, at ¶ 23. Moreover, Ruckman
instructs that these factors are not exhaustive, and, thus, we may consider other factors. See Werden v. Ohio Bureau of Workers' Comp.,151 Ohio App.3d 815, 2003-Ohio-1222, 786 N.E.2d 107, at ¶ 20. One of those is that appellee, at the time of the accident, was on her way to drop off her goddaughter to a caregiver. Although the drop-off point happened to be on her way to her next work site, the fact remains that at the time of the accident, she was fulfilling a personal purpose.
 {¶ 25} Although the totality of the circumstances test does not support appellee's right to participate in the workers' compensation system, Ruckman recognized that the totality of the circumstances factors are not exhaustive and that the claimant may demonstrate a right to participate under the "special hazard" rule.[1] Ruckman,81 Ohio St.3d at 123. Under this rule, the claimant can establish that the injury arose out of employment if the risk encountered is a risk "distinctive in nature" and "quantitatively greater than the risk common to the public." Id.
 {¶ 26} For example, Ruckman found that the claimants encountered a special hazard due to the temporary nature and constantly changing location of their fixed work sites. The court noted that the employer "regularly dispatched its employees over a three-state area for work assignments typically lasting somewhere between three and ten days. Unlike the typical fixed-situs employee, the Cubby riggers did not know the location of future assignments, and it was impossible for them to fix their commute in relation to these remote work sites." Id. at 124. The court also observed that the distance between work sites and the employer's home base was significant. The court explained that the claimants' employment required them to "undertake interstate and lengthy intrastate commutes, thereby significantly increasing their exposure to traffic risks associated with highway travel." Id. at 125.
 {¶ 27} Here, the special hazard rule does not support appellee's right to participate. While appellee's job assignments are temporary, they are not constantly changing. Unlike the workers in Ruckman whose job responsibilities changed every three to ten days, here, the evidence shows that appellee has held the two job assignments for the past few months. Her job assignments are spread over two counties, but this does not compare to job assignments over a three-state area. Additionally, her commutes to the job assignments do not require interstate travel or lengthy intrastate commutes. Thus, her employment, though it does require that she drive between customer's homes, does not significantly increase her exposure to traffic risks as compared to the risks that the public encounters.
 {¶ 28} Consequently, because appellee cannot show that her injuries arose out of her employment, she is not entitled to participate in the workers' compensation system and the trial court erroneously entered summary judgment in her favor. Accordingly, we sustain appellant's second and third assignments of error and decline to address the first. See App.R. 12(A)(1)(c). Thus, we reverse the court's judgment.
Judgment Reversed.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] Appellant suggests that Ruckman limited application of the special hazard rule to fixed situs employees. We will not resolve this question at the present time, but instead will assume, for the sake of argument, that it applies to both fixed situs and non-fixed situs employees.