DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant, Emma Mitchell, appeals from the decision of the Summit County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellee, Cambridge Home Health Care, Inc./PRI ("Cambridge"). This Court affirms.
 I {¶ 2} Mitchell filed a workers' compensation claim against her employer, Cambridge, after she injured her left leg. Mitchell, a home health aide worker, tripped and fell on a floor mat while exiting the elevator in her patient's apartment building. Although Mitchell was on her way home for the day at the point in time that she fell, she sought workers' compensation for her injury. The Industrial Commission eventually disallowed her claim after determining that she was a "fixed situs" employee subject to the "coming and going rule."
 {¶ 3} On September 16, 2005, Mitchell filed her appeal from the Industrial Commission's decision in the Summit County Court of Common Pleas. Subsequently, *Page 2 
Cambridge filed its motion for summary judgment, and Mitchell filed her motion in opposition. On March 17, 2008, the trial court granted Cambridge's motion, agreeing that Mitchell was subject to the "coming and going rule" and none of the rule's exceptions applied.
 {¶ 4} On April 14, 2008, Mitchell filed her notice of appeal. Mitchell's appeal is now before this Court and raises one assignment of error for our review.
 II Assignment of Error "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR [CAMBRIDGE] WHERE GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER PLAINTIFF'S INJURIES OCCURRED IN THE COURSE OF AND ARISING OUT OF HER EMPLOYMENT."
 {¶ 5} In her sole assignment of error, Mitchell argues that the trial court erred in granting Cambridge's motion for summary judgment. Specifically, she argues that genuine issues of material fact exist as to whether the "coming and going rule" and/or two of its exceptions applied to her at the time of her injury. We disagree.
 {¶ 6} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civ. R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. *Page 3 
The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ. R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 8} R.C. Chapter 4123 permits an employee to participate in the Workers' Compensation Fund if the employee's injury, "whether caused by external accidental means or accidental in character and result, [was] received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). Accordingly, for an employee to be eligible for benefits she must demonstrate both the "in the course of prong and the "arising out of prong of R.C. 4123.01(C). Burkey v. ElyriaMaintenance Co., 9th Dist. No. 04CA008553, 2005-Ohio-992, at ¶ 10, citing Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 277.
 {¶ 9} "As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." MTD Products, Inc. v. Robatin (1991),61 Ohio St.3d 66, syllabus. This "coming and going rule" recognizes that:
 "The constitution and the statute, providing for compensation from a fund created by assessments upon the industry itself, contemplate only those hazards to be encountered by the employe[e] in the discharge of the duties of his employment, and do not embrace risks and hazards, such as those of travel to and from his *Page 4 
place of actual employment over streets and highways, which are similarly encountered by the public generally." Ruckman v. Cubby Drilling, Inc. (1998), 81 Ohio St.3d 117, 119, quoting Indus. Comm. v. Baker (1933), 127 Ohio St. 345, paragraph four of the syllabus.
A fixed-situs employee injured either before commencing or after ending her "substantial employment duties * * * at a specific and identifiable work place" is not eligible for workers' compensation unless she establishes an exception to the "coming and going rule."Ruckman, 81 Ohio St.3d at 119.
 {¶ 10} First, Mitchell argues that the trial court erred in determining that the "coming and going rule" applied to her. She admits that she was a fixed-situs employee generally subject to the rule, but argues that the hallway and elevator leading out of her patient's apartment building were a part of her "specific and identifiable work place." See id.
 {¶ 11} Cambridge relied upon Mitchell's deposition testimony in support of its motion for summary judgment. During her deposition, Mitchell explained that as a home health care aide worker she would "go in and help the patients, get their breakfast, get baths and so forth, go pick up medication, clean up, wash, whatever, [and] keep them company[.]" Mitchell specified that at the time of her injury she was exclusively working with one patient who lived on the second floor of an apartment building. Because Cambridge compensated Mitchell on an hourly basis, her patient signed her time sheet each day at the completion of their time with one another. Cambridge did not compensate Mitchell separately for any travel expenses incurred in traveling to and from a patient's home. On the day of Mitchell's injury, her patient signed her time sheet and Mitchell proceeded to take the elevator down to the first floor. Mitchell tripped over a mat as she exited the elevator, fell, and injured her left leg.
 {¶ 12} Cambridge used the foregoing facts to argue that the "coming and going rule" applied to Mitchell at the time of her injury. The record supports the conclusion that Cambridge *Page 5 
met its Dresher burden with respect to this issue. Cambridge paid Mitchell on an hourly basis to work with her single patient, who signed Mitchell's time sheet each day upon the conclusion of her work. Cambridge did not compensate Mitchell for any additional time, and the majority of her work, apart from an occasional trip to pick up her patient's medication, took place solely inside her patient's apartment. Moreover, Mitchell did not elaborate as to her duties with regard to picking up her patient's medication. Mitchell clearly indicated that she had finished work for the day at the time of her injury and took the elevator in the process of leaving her patient's building. As such, the burden shifted to Mitchell to prove that her patient's apartment hallway and elevator, and not just her patient's apartment, were within the fixed situs of her employment. See Ruckman, 81 Ohio St.3d at 119 (noting that "coming and going rule" applies when employee travels to and from her place of actual employment).
 {¶ 13} In opposition to summary judgment, Mitchell argued that the "coming and going rule" did not apply to her because the rule applies to public highways or parking lots, not common areas of a building. She further argued by affidavit that her work, such as laundry and trash removal, frequently required her to traverse the common areas of her patient's apartment building.
 {¶ 14} We reject Mitchell's narrow reading of the "coming and going rule." The rule hinges upon whether an employee's injury occurs outside of her fixed situs, regardless of the situs' location. It is not limited to instances in which a fixed situs employee injures herself in a car, in a parking lot, or on a highway. So long as an injury takes place outside the situs, the location of that injury is irrelevant. This Court has recognized that "[e]ach particular job site may constitute a fixed place of employment" when an employee has more than one job site.Smith v. Akron, 9th Dist. No. 22101, 2004-Ohio-5174, at ¶ 11. Moreover, "[i]t is irrelevant that *Page 6 
the employee may be reassigned to a different workplace on a monthly, weekly, or daily basis." Id., citing Ruckman, 81 Ohio St.3d at 119. If an employee leaves a fixed situs without "any duties to carry out[,]" then the "coming and going rule" applies. Smith at ¶ 12. As such, we must focus on what duties Mitchell was performing on the day of her injury to determine whether her injury occurred within the bounds of her fixed situs.
 {¶ 15} The record reflects that Mitchell had finished her duties for the day when she left her patient's apartment. She admitted that she was in the process of leaving for home when her injury occurred. Thus, even if Mitchell's patient's hallway and elevator could be considered to constitute a part of Mitchell's fixed situs on a day when she was performing laundry services, trash removal services, or other transitory services, the record reflects that Mitchell was not performing any of these services when she was injured. She had finished all of her duties for the day and was "travel[ing] * * * from h[er] place of actual employment" when she was injured. See Ruckman, 81 Ohio St.3d at 119. As such, the trial court did not err in determining that Mitchell was subjected to the "coming and going rule."
 {¶ 16} Next, Mitchell argues that even if she was subject to the "coming and going rule," she falls within one of two exceptions to the rule: the "totality of the circumstances" exception or the "zone of employment" exception. We consider each exception separately.
 {¶ 17} Under the "totality of the circumstances" test, a court must look to the following factors to determine if an off-situs injury is compensable: "(1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." MTDProducts, Inc., 61 Ohio St.3d at 70, citing Fisher v. Mayfield (1990),49 Ohio St.3d 275, 277; Lord v. Daugherty (1981), 66 Ohio St.2d 441, at syllabus. If the *Page 7 
foregoing factors indicate that there was a "sufficient causal connection" between the employee's injury and the employment, then the employee is entitled to participate in the Workers' Compensation Fund.Lord, 66 Ohio St.2d at syllabus.
 {¶ 18} In its motion for summary judgment, Cambridge attached the affidavit of its Assistant to the Director of Human Resources, Heidi McCune. McCune wrote that Mitchell was assigned to perform services at her patient's apartment, was not compensated for any of her travel, and was not required to report to Cambridge's facility either before or after attending to her patient. McCune further wrote that Cambridge received no benefit from Mitchell's presence in the apartment's elevator and that Cambridge did not have any control, interest, or rights in any of the public or private areas of the apartment building. Consequently, even though Mitchell's injury took place in close proximity to her patient's apartment room, Cambridge met its Dresher burden on the two remaining factors from MTD Products, Inc. through evidence that it received no benefit from Mitchell's departure and had no control over the apartment's elevator. See MTD Products, Inc., 61 Ohio St.3d at 70.
 {¶ 19} Mitchell argues that the totality of the circumstances test weighs in her favor because Cambridge received a benefit from her traveling to and from her patient's apartment to provide care for its client. Yet, every employer is benefited from their employee coming to work rather than seeking an absence. This benefit is not sufficient to establish a "causal connection" between the employee's injury and the employment. See id. If that were the case, the third prong of theMTD Products, Inc. test would be of little use. Mitchell argues, however, that the second prong of the test also weighs in her favor because Cambridge might have been able to exert control over the common areas in her patient's apartment building if it had made an effort to do so. Mitchell suggests that Cambridge might have requested to inspect the premises for *Page 8 
risks to its employees. That Cambridge might have requested such inspections, might have been granted the right to perform such inspections, and might have identified the mat that Mitchell tripped over as a hazardous risk, however, requires a great deal of speculation. Given Mitchell's unduly speculative argument with regard to MTDProducts, Inc.'s second prong and the fact that the third prong weighs in favor of Cambridge, we cannot conclude that the trial court erred in determining that Mitchell failed to demonstrate a genuine issue of material fact as to whether the "totality of the circumstances" exception to the "coming and going rule" applied.
 {¶ 20} Under the "zone of employment" exception, an employee may recover for an injury incurred while commuting to or from work so long as she has reached "the zone of [her] employment that is under the control of his employer[.]" Indus. Comm. of Ohio v. Barber (1927),117 Ohio St. 373, syllabus. We have already determined, however, that Mitchell failed to demonstrate that Cambridge had any control over the area outside of the elevator in her patient's apartment building. Additionally, her affidavit in support of her motion in opposition to summary judgment does not include any assertion that the path Mitchell took out of her patient's apartment constituted the sole means of egress. See Stevens v. Indus. Comm. (1945), 145 Ohio St. 198, 201
(providing that an employer exerts control over an area when it "is the sole and exclusive means of ingress"). Accordingly, Mitchell has not demonstrated that a genuine issue of material fact exists as to whether she was in the "zone of [her] employment" when she injured her left leg.
 {¶ 21} As the trial court properly granted summary judgment in Cambridge's favor, Mitchell's sole assignment of error is overruled. *Page 9 
 III {¶ 22} Mitchell's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 SLABY, P. J. DICKINSON, J. CONCUR *Page 1