[Cite as *Kershner v. High Point Home Health, Ltd.*, 2013-Ohio-1370.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MIAMI   COUNTY

| | | |
|---|---|---|
| PEGGY L. KERSHNER | : | |
| | : | Appellate Case No. 2012-CA-26 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 11-CV-834 |
| v. | : | |
| | : | |
| HIGH POINT HOME HEALTH, LTD., | : | (Civil Appeal from |
| et al. | : |  Common Pleas Court) |
| | : | |
| Defendant-Appellees | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 5th day of April, 2013.

. . . . . . . . . . .

COREY L. KLEINHENZ, Atty. Reg. #0084244, E.S. Gallon & Associates, 40 West 4th Street, Suite 2200, Dayton, Ohio 45402
 Attorney for Plaintiff-Appellant, Peggy L. Kershner

MICHAEL DeWINE, by REMA A. INA, Atty. Reg. # 0082549, Ohio Attorney General's Office, 150 East Gay Street, 22nd Floor, Columbus, Ohio 43215-3130
 Attorney for Defendant-Appellee, Steve Buehrer, Adm., BWC

PAUL V. DISANTIS, Atty. Reg. #0066334, Dawson Disantis & Myers, 21 West Central Avenue, Delaware, Ohio 43015
 Attorney for Defendant-Appellee, High Point Home Health, Ltd.

. . . . . . . . . . . .

FAIN, P.J.

{¶ 1}      Plaintiff-appellant Peggy Kershner appeals from a summary judgment rendered against her, in favor of defendant-appellee Administrator, Bureau of Workers' Compensation ("BWC"), on Kershner's claim that she is entitled to participate in the workers' compensation fund.   Kershner contends that the trial court erred by rendering summary judgment against her, because her injuries were within the course of, and arising out of, her employment with defendant-appellee High Point Home Health, Ltd. ("High Point").

{¶ 2}      We conclude that the trial court erred in its determination that Kershner's claim was barred by the coming-and-going rule, because Kershner established the existence of genuine issues of material fact with regard to whether she had completed all of her employment duties before she was injured.   Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.

## I.   Kershner Slips, Falls, and Is Injured, After Leaving her Home Health Care Client's Home, But Before Completing her Assigned Duties

{¶ 3}    One day in late January 2011, Peggy Kershner was working as a home health aide for High Point.  She went to the home of a High Point client.  Kershner parked her vehicle on a public street, McKinley Avenue in Piqua, Ohio, directly in front of the client's home.  She then entered the home and performed her employment duties, which included helping the client to bathe, fixing him a meal and tidying his home.   After about an hour, she left the client's home  and walked to her vehicle.   As she opened her driver's side door, she slipped on the accumulated snow and ice and fell onto her back.  She sustained an injury to

her back.

{¶ 4}    Kershner filed a claim for participation in the workers' compensation fund, which was denied by a BWC hearing officer.   She appealed.   A staff hearing officer denied the appeal.   Kershner then appealed to the Industrial Commission, which filed an order refusing to hear the appeal.   Kershner subsequently appealed to the Miami County Common Pleas Court.   The BWC and High Point both filed motions for summary judgment upon the ground that her injury did not occur in the course of, and arising out of, her employment. Kershner filed a response, to which she attached her affidavit.

{¶ 5}     Of relevance hereto, Kershner averred that she parked her vehicle directly in front of the client's home, and that her normal practice was to park as close as possible to a client's home.   She further averred that when she had finished performing her duties in the home, she exited and proceeded "in a direct route from his back door to my vehicle parked on McKinley Avenue without any deviation."   Kershner also averred that:

> [A]t the end of my last scheduled job assignment for the day, I am required to notify High Point by that [sic] I had completed my final job assignment for the day. On many occasions, upon contacting High Point by way of my personal cell phone of my final job assignment completion, High Point would require or instruct me to work at an additional job location at another client's residence before I was permitted to go home for the day.   When such an event would occur, High Point would provide me with the client name and address for my additional job assignment over the telephone and also inform me as to how long I was to work at the additional job location.   If I needed directions to the client's home, I was additionally assigned to work, High Point

would also provide me with those directions over the telephone.

{¶ 6} Finally, Kershner averred that High Point did not permit her to use a client's telephone to inform them that she had completed her last assignment. High Point also had a policy that she could not use her personal cellular telephone inside the client's residence. Therefore, according to her affidavit, Kershner waited until she was out of the client's home before calling, and usually called from the interior of her vehicle "for the practical purposes of avoiding outside noise."

{¶ 7} High Point contends that Kershner's affidavit contradicts her deposition testimony because the deposition did not refer to the additional duty to call the company to report that she had finished her last assignment. This is somewhat disingenuous. At her deposition, Kershner testified:

Q. So basically when you left Mr. Jenkins' house your shift is over?

A. Yes, and I have to call and report to High Point after we are done. I always called when I got in the car when I was done.

## II. Summary Judgment Is Rendered Against Kershner

{¶ 8} The trial court rendered summary judgment in favor of the BWC and High Point, holding that the injury to Kershner did not occur within the course and scope of her employment. Specifically, the trial court stated that Kershner "was a fixed-situs employee who was subject to the 'coming and going' rule, precluding her from participating in the worker's compensation fund." The trial court further found that "the undisputed facts do not, under the totality of circumstances test, show that there was a causal connection between

[Kershner's] injury and her employment." Kershner appeals.

## III. Because Kershner Had Not Completed her Assigned Duties at the Time of her Injury, She Was Injured in the Course of, and within the Scope of, Her Employment

**{¶ 9}** Kershner's First, Second and Third Assignments of Error state:

THE TRIAL COURT ERRED WHEN IT FOUND APPELLANT WAS SUBJECT TO THE "COMING AND GOING" RULE PRECLUDING HER FROM PARTICIPATION IN THE WORKERS' COMPENSATION FUND.

THE TRIAL COURT ERRED WHEN IT FOUND THE UNDISPUTED FACTS DO NOT, UNDER THE TOTALITY OF CIRCUMSTANCES TEST, SHOW A CAUSAL CONNECTION BETWEEN APPELLANT'S INJURY AND HER EMPLOYMENT.

THE TRIAL COURT ERRED BY NOT CONDUCTING ANY ANALYSIS OR INQUIRY REGARDING WHETHER APPELLANT WAS WITHIN THE "ZONE OF EMPLOYMENT" AT THE TIME OF HER INJURY SINCE APPELLANT'S INJURY OCCURRED WITHIN THE "ZONE OF EMPLOYMENT" THEREBY ESTABLISHING CAUSAL CONNECTION BETWEEN HER INJURY AND HER EMPLOYMENT.

**{¶ 10}** All of Kershner's arguments are related to the issue of whether her injuries occurred in the course of, and arising out of, her employment, and whether the trial court erred in rendering summary judgment on that basis. Specifically, she contends that although she is a fixed-situs employee, the trial court incorrectly applied the coming-and-going rule to her,

because she had not completed her work duties at the time of her injury. She further contends that the trial court erred in its application of the "totality of the circumstances" exception to the "coming-and-going" rule, and also erred by failing to apply the "zone of employment" exception.

{¶ 11} "We review decisions granting summary judgment de novo, which means that we apply the same standards as the trial court." *GNFH, Inc. v. W. Am. Ins. Co.*, 172 Ohio App.3d 127, 2007-Ohio-2722, 873 N.E.2d 345, ¶ 16, (2d Dist.). That standard is that summary judgment may be granted to the moving party "'pursuant to Civ.R. 56 if there are no genuine issues of material fact remaining to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor.'" *Id.,* quoting *Smith v. Five Rivers MetroParks*, 134 Ohio App.3d 754, 760, 732 N.E.2d 422 (2d Dist. 1999).

{¶ 12} In Ohio, "an injury sustained by an employee is compensable under the Workers' Compensation Act only if it was received in the course of, and arising out of, the injured employee's employment." *Fisher v. Mayfield*, 49 Ohio St.3d 275, 276–277, 551 N.E.2d 1271 (1990). This standard must be liberally construed in favor of awarding benefits. *Id.*

{¶ 13} The coming-and-going rule, cited by the trial court in its decision, is one used in determining whether an injury occurs "in the course of, and arising out of, employment." *MTD Prods., Inc. v. Robatin*, 61 Ohio St.3d 66, 68, 572 N.E.2d 661 (1991). The rule provides that, generally, "'an employee with a fixed place of employment, who is injured

while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist.'" *Mitchell v. Cambridge Home Health Care, Inc./PRI*, 9th Dist. Summit No. 24163, 2008-Ohio-4558, ¶ 9. (Citation omitted.) In determining whether an employee is a fixed-situs employee and therefore within the coming-and-going rule, the focus is on whether the employee "commences his or her substantial employment duties only after arriving at a specific and identifiable work place designated by his employer * * * [and that] focus remains the same even though the employee may be reassigned to a different work place monthly, weekly, or even daily." *Ruckman v. Cubby Drilling, Inc.*, 81 Ohio St.3d 117, 689 N.E.2d 917(1998), paragraph one of the syllabus. Therefore, "[d]espite periodic relocation of job sites, each particular job site may constitute a fixed place of employment." *Id.*

{¶ 14} In this case, the BWC and High Point argued that Kershner is a fixed-situs employee. Kershner did not dispute that she was a fixed-situs employee. For purposes of our analysis we will proceed under the assumption that she is a fixed-situs employee.

{¶ 15} There are exceptions to the coming-and-going rule's bar on workers' compensation claims. In *Janicki v. Kforce.Com, Inc.*, 167 Ohio App.3d 572, 2006-Ohio-3370, 855 N.E.2d 1282, ¶ 18-22 (2d Dist.) this court noted:

> * * * The Supreme Court of Ohio has recognized that there are "rare circumstances" where, despite being classified as a fixed-situs employee, an employee can nevertheless demonstrate that she received an injury in the course of and arising out of her employment while traveling to or from work.

*Ruckman* [*v. Cubby Drilling, Inc.*] 81 Ohio St.3d [117] at 120, 689 N.E.2d 917 [1998]. In general, an employee's commute to a fixed work site is not within the course of employment because "[i]n the normal context, an employee's commute * * * bears no meaningful relation to his employment contract and serves no purpose of the employer's business." *Id.* at 121. "That is not the case, however, where, as here, the employee travels to the premises of one of his employer's customers to satisfy a business obligation." *Id.*

As for the "arising out of" element of R.C. 4123.01(C), the Supreme Court has identified three limited tests for determining whether the required causal connection exists: (1) the zone-of-employment exception, (2) the special-hazard exception, and (3) the totality-of-the-circumstances exception. * * *.

The zone-of-employment exception renders an injury compensable if it occurred within the zone of employment. *MTD Products, Inc.* [*v. Robatin*], 61 Ohio St.3d [66] at 69, 572 N.E.2d 661 [(1991)]. "Zone of employment" was defined in *Merz v. Indus. Comm.* (1938), 134 Ohio St. 36, 39, 11 O.O. 414, 15 N.E.2d 632, as "the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, under control of the employer."

* * *

The totality-of-the-circumstances test requires "primary analysis of the following facts and circumstances: '(1) proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the

injured employee's presence at the scene of the accident.' " *Ruckman*, 81 Ohio St.3d at 122, 689 N.E.2d 917, quoting *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96, syllabus; *see Fisher v. Mayfield*, 49 Ohio St.3d 275, 551 N.E.2d 1271.

**{¶ 16}** BWC and High Point argue that the rule precludes Kershner from participating in the workers' compensation fund because when she exited the client's home, she had completed her work for the day and was, effectively, beginning her commute home. Kershner contends that the trial court erred in finding that the rule precluded her from participating in the Workers' Compensation Fund, because her duties were not concluded at the time of the fall. The trial court determined that Kershner's claim failed under the totality-of-the-circumstances test. But the trial court did not consider the zone-of-employment test, despite the fact that Kershner argued that test in her response to the motions for summary judgment.

**{¶ 17}** We begin with the totality-of-the-circumstances exception. We note that the scene of the accident was proximate to the place of employment – Kershner parked on the street right in front of the client's residence. There is no evidence that High Point had any control over the scene of the accident, but Kershner averred that the company required her to call to report that she had finished her last assignment, and it did not allow her to do so within the client's residence. While Kershner might have been able to make the call from any place outside the client's residence, rather than from inside her vehicle, we see no practical difference between the two spots in this case that would affect the analysis. There is nothing in the record to indicate that High Point required Kershner to make the call while standing outside her car in inclement weather. Therefore, the issue of control over the scene is less

important.   Had Kershner driven away from the site, and later made the call, our conclusion might be different.   Furthermore, High Point arguably benefitted from Kershner's presence at the scene of the accident, in view of its requirement that she phone in when she finished the assignment, and in view of the fact that she was sometimes given another assignment when she called in.

{¶ 18}   We conclude that Kershner has established a genuine issue of material fact with regard to this exception, making summary judgment inappropriate.

{¶ 19}   We next address the zone-of-employment exception, which is defined as the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom under control of the employer.   There is no evidence to support a finding that High Point had control of the area outside of the client's home.   However, in *Janicki*, *supra*, this court held that even though an employee was injured while crossing a public street, which was not under the control of the employer, the street was within the zone of employment because the employee could not reach her vehicle without crossing that street. *Id.* at ¶ 38.   We find this case analogous. Kershner indicated that she parked as close to the client's residence as possible, and used the most direct route to travel between her vehicle and the house.   Because her duties did not end  upon exiting the home, Kershner was within the zone of her employment when she fell.

{¶ 20}   High Point cites *Mitchell, supra*, as support for barring Kershner's claim for benefits.   In *Mitchell*, the Ninth District Court of Appeals found that the zone of employment for a home health aid does not include any areas outside of the client's residence, including an elevator used to exit the client's apartment building, if that employee has no more duties to carry out once she is outside the client's apartment.   *Id.* at ¶ 20.   When we assume the truth

of the facts averred by Kershner, as we must for purposes of review of a summary judgment rendered against her, we conclude that her case is distinguishable from *Mitchell,* because she had a duty to perform after she left her client's residence – she had a duty to call her employer after first leaving her client's residence.

{¶ 21}  As a final note, we are mindful that a fixed situs is the location where an employee's substantial duties begin.  *Ruckman*, supra, at ¶ 119.   Although both the BWC and High Point argue that any requirement to make a telephone call was not a substantial duty, we conclude that this issue –   especially given her averment that she could be given another assignment during the call – is for a jury to determine.

{¶ 22}  We conclude that the trial court erred in its finding that the coming-and-going rule barred Kershner's claims and in rendering summary judgment against her.   Accordingly, Kershner's assignments of error are sustained.

### III.   Conclusion

{¶ 23}  All of Kershner's assignments of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH, J., concurs.

HALL, J., dissenting:

{¶ 24}  I would affirm that part of the trial court's grant of summary judgment that concludes that there was no causal connection between the appellant's injury and her employment and that therefore the injury was not "arising out of" her employment.

**{¶ 25}** To determine whether there is a causal connection between an employee's injury and employment, we apply a "totality of the circumstances" approach. *Fisher v Mayfield*, 49 Ohio St.3d 275, 277, 551 N.E.2d 1271 (1990). Appellant acknowledged she was a fixed-situs employee. She was no longer on the premises. She was on a public street and not engaged in any employment duty. Had she been placing the telephone call to her employer, upon which she relies, when she slipped and fell on ice in the street, there could be a genuine issue of material fact. But on this record, I would conclude that the fact that she was required to check in with her employer at some time after leaving the patient's home does not mean that events occurring before the call are arising out of employment. Therefore, I dissent.

. . . . . . . . . . . . .

Copies mailed to:

Corey L. Kleinhenz
Rema A. Ina
Paul V. Disantis
Hon. Christopher Gee