[Cite as *Franklin v. BHC Servs., Inc.*, 2017-Ohio-655.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 104695

---

# PAMELA Q. FRANKLIN

### PLAINTIFF-APPELLANT

vs.

# BHC SERVICES, INC., ET AL.

### DEFENDANTS-APPELLEES

---

## JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-849985

**BEFORE:** Blackmon, J., E.T. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** February 23, 2017

**ATTORNEY FOR APPELLANT**

Mitchell A. Stern
27730 Euclid Avenue
Euclid, Ohio 44132


**ATTORNEYS FOR APPELLEES**

Michael J. Reidy
Nicholas W. Lanphear
Ross, Brittain & Schonberg Co., L.P.A.
6480 Rockside Woods Boulevard, South, Suite 350
Cleveland, Ohio 44131

**Bureau of Workers' Compensation**

Michael DeWine
Ohio Attorney General
Steven K. Aronoff
Assistant Attorney General
615 West Superior Avenue, 11th Floor
Cleveland, Ohio 44113

PATRICIA A. BLACKMON, J.:

{¶1}   Plaintiff Pamela Franklin ("Franklin") appeals from the order of the trial court awarding summary judgment to defendant BHC Services, Inc. ("BHC") in Franklin's action for workers' compensation benefits for injuries sustained en route to a home health aide assignment.   Franklin assigns the following error for our review:

> The trial court erred by granting [Franklin's] motion for summary judgment
>
> by finding that her injuries did not arise out of her employment and the
>
> coming-and-going rule bars her claim.

{¶2}   Having reviewed the record and pertinent law, we reverse the trial court's decision and remand for further proceedings consistent with this opinion.   The apposite facts follow.

{¶3}   On June 21, 2002, BHC hired Franklin as a home health aide.   The duties of home health aides require them to travel to the homes of various clients and assist the clients with hygiene, housekeeping, and meal preparation.   All work is performed at the home of the client and BHC does not provide the aides with an office.   BHC pays home health aides only for the work performed after reaching the client's home.   The aides' work schedules may require taking care of multiple clients in a single day.

{¶4}   BHC requires the aides "to provide their own transportation to and from patient houses."   BHC does not pay for travel time, but does reimburse "[e]mployees that drive for company purposes" for use of "their personal vehicle during company business."   In relevant part, the reimbursement policy states:

1. Direct Care Staff are required to provide their own transportation to and from patient homes, and are informed of this requirement during the interview process, and again during orientation.

* * *

3. Employees that drive on company time must adhere to the following requirements:

c. While on company business, employees may only carry passengers in the vehicle who are also on business with them. No friends, relatives or children can be in the vehicle while driving on company business — no exceptions.

* * *

5. * * * The following conditions apply to mileage reimbursement:

a. Mileage reimbursement is only calculated from the employee's first visit to the last visit of the day.

b. Transportation to and from work is consider[ed] a work commute and therefore not considered work time * * *.

{¶5} On January 23, 2014, BHC scheduled Franklin to work for two different clients, one of whom lives "between East 89th St. and East 93rd Street,"and the other lives in Cleveland Heights. Franklin was required to work for the first client from 9:00 a.m. until noon, and the second client from 1:30 p.m. until 3:30 p.m. Franklin reported to the home of the first client and worked for three hours, billing the client until noon. At approximately 12:11 p.m., she was involved in a motor vehicle accident at the intersection of East 105th Street and Carnegie Avenue, and sustained injuries to her neck and back. Franklin explained that she was a passenger in her friend's car and that her friend was driving her to work at the second client's home.

**{¶6}** Franklin filed a claim for workers' compensation. On April 20, 2015, the District Hearing Officer of the Industrial Commission denied the claim, concluding:

> the Claimant's motor vehicle accident did not occur in the course of her employment. The District Hearing Officer finds that the Claimant was a fixed-situs employee while working at a client's house. Therefore, travel between homes is not a part of her employment.

**{¶7}** Franklin filed an administrative appeal to the Industrial Commission. Franklin's claim was disallowed on June 4, 2015, after the hearing officer likewise concluded that Franklin was a fixed-situs employee while working at a client's house, and that travel between homes is not a part of her employment. The Industrial Commission denied a further appeal on June 19, 2015.

**{¶8}** On August 20, 2015, Franklin filed a notice of appeal and complaint for workers' compensation with the court of common pleas. BHC filed a motion for summary judgment, arguing that Franklin is a fixed-situs employee because her job duties occur at the home of the individual clients. BHC further argued that recovery is barred under the coming-and-going rule that bars recovery for fixed-situs employees who are injured while traveling to or from the place of employment. In opposition, Franklin argued that her injuries occurred in the course of and arising out of her employment. She also argued that she was entitled to compensation under "exceptions to the coming-and-going rule" because she was traveling under the direction of her employer, and in furtherance of her employer's interests at the time of the collision.

**{¶9}** On June 13, 2016, the trial court granted BHC's motion for summary judgment and concluded:

As a home health aide, Plaintiff is a fixed-situs employee. Her injury did not arise out of her employment, and the coming-and-going rule bars her claim. No exceptions apply.

## Summary Judgment

{¶10} This court reviews an appeal from summary judgment under a de novo standard. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 1998-Ohio-389, 696 N.E.2d 201. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264. *See generally Gullie v. Cuyahoga Cty.,* 8th Dist. Cuyahoga No. 100927, 2014-Ohio-4383 (applying this analysis to workers' compensation appeals).

## Workers' Compensation

{¶11} In order to be entitled to receive workers' compensation benefits, the worker must demonstrate both that: (1) the injury occurred both "in the course of employment"; and (2) the injury "arises out of that employment." *Ruckman v. Cubby*

*Drilling, Inc.*, 81 Ohio St.3d 117, 121, 1998-Ohio-455, 689 N.E.2d 917, citing *Fisher v. Mayfield*, 49 Ohio St.3d 275, 277, 551 N.E.2d 1271 (1990). The workers' compensation statutes are to be liberally construed but both parts of the test must be met in order to award benefits. *Id*. at 277-278.

{¶12} In *Fisher*, the court explained that the "in the course of" prong of the test refers to the time, place, and circumstances of the injury, and limits compensation to injuries received while the employee was engaged in a duty required by the employer. *Id*. at 277. The "arising out of" prong of the test employs a totality-of-circumstances analysis in order to determine whether a causal connection exists between an employee's injury and the employment. *Id.* Such circumstances include: "(1) the proximity of the scene of the accident to the place of employment; (2) the degree of control the employer had over the scene of the accident; and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." *Lord v. Daugherty*, 66 Ohio St.2d 441, 423 N.E.2d 96 (1981), syllabus.

{¶13} In this matter, Franklin argues that her injuries were sustained in the course of and arising out of her employment, and that she is entitled to workers' compensation under exceptions to the coming-and-going rule. BHC maintains that Franklin is a fixed-situs employee, and that her injuries are not compensable under the coming-and-going rule.

### Coming-and-Going Rule

{¶14} "As a general rule, an employee with a fixed place of employment, who is

injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between injury and the employment does not exist." *Ruckman,* 81 Ohio St.3d at 119, quoting *MTD Prods., Inc. v. Robatin*, 61 Ohio St.3d 66, 68, 572 N.E.2d 661 (1991).

{¶15} The coming-and-going rule only applies to fixed-situs employees. *Ruckman* at 119. In determining whether an employee is a fixed-situs employee, the focus is on "whether the employee commences his substantial employment duties only after arriving at a specific and identifiable work place designated by his employer." *Ruckman* at 121. In concluding that drilling site riggers who were required to travel to a different work site on a daily basis were fixed-situs employees, the *Ruckman* court explained:

> The focus remains the same even though the employee may be reassigned to a different work place monthly, weekly, or even daily. Despite periodic relocation of job sites, each particular job site may constitute a fixed place of employment.

*Id*. at 120.

{¶16} The *Ruckman* court noted that in the normal context, a fixed-situs employee's commute to a work site bears no meaningful relationship to his employment and serves no purpose of the employer's business, so the requisite causal connection between the injury and the employment does not exist. *Id*. at 119-121, citing *MTD Prods., Inc. v. Robatin*, 61 Ohio St.3d 66, 68, 572 N.E.2d 661 (1991).

### Home Health Aides

{¶17} BHC notes that Ohio courts have routinely held that home health

aides and nurses are fixed-situs employees, even though they travel to the homes of individual clients throughout the day, because their substantial job duties are performed at the homes of the individual clients. *See, e.g., Moss v. Conrad*, 157 Ohio App.3d 47, 2004-Ohio-2065, 809 N.E.2d 36, ¶ 18 (4th Dist.) (concluding that home health aide was a fixed-situs employee and that recovery was barred by the coming-and-going rule where she worked for the same client for five months); *Gilham v. Cambridge Home Health Care, Inc.*, 5th Dist. Stark No. 2008 CA 00211, 2009-Ohio-2842 (concluding that home health aide was a fixed-situs employee and that recovery was barred by the coming-and-going rule where employee was involved in a collision while en route to her second client, but was not compensated or reimbursed for travel); *Crockett v. HCR Manorcare, Inc.*, 4th Dist. Scioto No 03CA2919, 2004-Ohio-3533 (concluding that home health aide was a fixed-situs employee and that recovery was barred by the coming-and-going rule where employee was involved in a collision while en route to her second client, but was not compensated or reimbursed for travel); *Mitchell v. Cambridge Home Health Care, Inc.*, 9th Dist. Summit No. 24163, 2008-Ohio-4558 (concluding that home health aide was a fixed-situs employee and that recovery was barred by the coming-and-going rule where employee completed work and was injured while exiting the client's apartment building).

{¶18} We note, however, that other Ohio courts have reached the opposite conclusion and ruled that home health aides are not fixed-situs employees. *See, e.g., Johnson v. Staff Builders*, 5th Dist. Licking No. 96-78,  1997 Ohio App. LEXIS 3283

(May 22, 1997) (home health aid was not a fixed-situs employee where travel was essential to the performance of her duties, "[b]y definition, [aides] had to travel to the clients' homes," and employer placed restrictions on the aide's conditions of travel); *Stair v. Mid-Ohio Home Health Ltd.*, 5th Dist. Richland No. 2010-CA-0114, 2011-Ohio-2351 (home health aide was not a fixed-situs employee and not barred from recovery by the coming-and-going rule where she was injured outside employer's office after picking up her paycheck and receiving an additional assignment for that day); *Brown v. Bernen's Med.*, 12th Dist. Clermont No. CA97-06-058, 1997 Ohio App. LEXIS 5155 (Nov. 17, 1997) (respiratory therapist who was in a collision while traveling to second client of the day was entitled to workers' compensation because it was "undisputed that a substantial part of Brown's job with Bernen required that she travel to patients' homes" and "reasonable minds could only find that Brown's injuries were sustained in the "course of her employment.").

{¶19} Other courts have concluded that the issue presents a jury question. *See Hampton v. Trimble*, 101 Ohio App.3d 282, 655 N.E.2d 432 (2d Dist.1995), (concluding that a jury question was presented as to whether the home health aide had a "semi-fixed" job site and sustained injury while on her way home from a visit to a patient, where aide had a brief conversation with the patient while driving, then told the patient she would call her back when she got home.).

{¶20}    As to case law from the Eighth District Court of Appeals, this court has held that "[t]he determination of whether one is a fixed-situs or nonfixed-situs employee

must be made in light of the overall employment duties, not from an overly constrained examination of the activities on one day when an accident happens to occur." *Gullie*, 2014-Ohio-4383, ¶ 22, quoting *Klamert v. Cleveland*, 186 Ohio App.3d 268, 2010-Ohio-443, 927 N.E.2d 618, ¶ 13 (8th Dist.). Moreover, in *Jones v. Multicare Health & Edn. Servs.,* 8th Dist. Cuyahoga No. 98899, 2013-Ohio-701, this court considered a home health worker's claim for workers' compensation where he dropped off client's prescription then went to lunch, and was injured in a collision while en route to pick up prescription. This court observed that the home health care aide's employer "never established, let alone argued, that [employee] was a fixed-situs employee." This court could not "say that [the aide] was off on a frolic as a matter of law." *Id*. at ¶ 20. This court also held that "reasonable minds could differ in determining whether a sufficient causal connection exists between [his] injury and employment[.]" *Id*. at ¶ 27.

{¶21} Conversely, this court reached the opposite conclusion where the facts clearly demonstrated that the home health aide was a fixed-situs employee. *See Bodzin v. Martin*, 8th Dist. Cuyahoga No. 84066, 2004-Ohio-5390. In *Bodzin*, the aide had an assigned office at the Cleveland Clinic and generally drove to her office before seeing any patients, and again at the end of the day. This court held that recovery was barred by the coming-and-going rule where the aide sustained injuries in an accident that occurred while she was driving to her office to drop off payroll documentation before going out of town.

### *Friebel v. Visiting Nurses Association of Mid-Ohio*

**{¶22}** In *Friebel v. Visiting Nurse Assn. of Mid-Ohio,* 142 Ohio St.3d 425, 2014-Ohio-4531, 32 N.E.3d 413, the Ohio Supreme Court recently considered a home health care aide's workers' compensation claim for injuries that occurred during a commute. In that case, the worker was paid for travel time and mileage to her first patient of the day, the travel during the day, and travel home. Friebel transported her children with her as she drove to her first patient, and planned to drop the children off at a mall that was on the way. Before reaching the mall, Friebel's car was struck from behind and she sustained injuries. The Ohio Supreme Court held that Friebel had improperly been given the benefit of the "dual intent doctrine," and that "benefits are only available for an injury that occurs in the course of and arising out of employment." *Id*. at ¶ 28. However, the court held that more than one reasonable inference could be drawn from the record and that the material facts were in dispute, so the court remanded the matter for trial.

**{¶23}** In undertaking its analysis, the court explained:

Because workers' compensation cases are fact specific, no one factor is controlling and "[n]o one test or analysis can be said to apply to each and every factual possibility." *Fisher* [*v. Mayfield,*] 49 Ohio St.3d [275,] at 280, 551 N.E.2d 1271. The overarching consideration is that the statute must be accorded a liberal construction in favor of awarding benefits. R.C. 4123.95[.]; *Fisher* at 278.

*Id*. at ¶ 18.

**{¶24}** The court then stated:

[T]here remain questions of material fact in general dispute: Was Friebel a fixed-situs employee? Was she on a personal errand at the time of injury? Was she traveling her normal route to this patient's home? As is

evident from the procedural ping-pong this case has endured, more than one reasonable inference can be drawn from the record. Because material facts are in genuine dispute, the matter may not be disposed of at the summary-judgment stage. Civ.R. 56; *See Jackson v. Kings Island*, 58 Ohio St.2d 357, 360, 390 N.E.2d 810 (1979) ("Summary judgment is not appropriate where the facts, which must be viewed in a light most favorable to the party opposing the motion * * * are subject to reasonable dispute.") Thus, the merits of the claim must be decided at trial.

*Id.* at ¶ 33.[1]

{¶25} In this matter, we also conclude that there are genuine issues of material fact as to whether Franklin is a fixed-situs employee. Although she was not paid for travel time, her travel was subject to reimbursement, and was also governed by conditions imposed by BHC. In addition, Franklin had no office at BHC, travel is an essential feature of her job, and she was assigned to see more than one client on the date of her injury. Further, we conclude that there are genuine issues of material fact as to whether the injury occurred in the course of Franklin's employment, since it occurred minutes after she left the first client's home, and while en route to the second client, a duty required by the employer. Additionally, there are genuine issues of material fact as to whether the accident arose out of Franklin's employment, in terms of the proximity of the scene of the accident to the clients' homes, and the benefit the employer received from the injured employee's presence there.

### Exceptions to the Coming-and-Going Rule

---

[1]This decision is consistent with decisions reached in other jurisdictions that recognize the peripatetic nature of home health care because travel is an integral part of such employment. *See, e.g., Dow v. Intercity Homemaker Serv.*, 3 Mass Workers' Comp. Rep. 136 (1989).

**{¶26}** The *Ruckman* court also recognized several exceptions to the fixed-situs employee coming-and-going rule including instances where: (1) the "totality of the circumstances" surrounding the accident creates a causal connection between the injury and employment; (2) the injury occurred within the "zone of employment"; and (3) the injury was sustained because of a "special hazard" created by the employment that is distinctive in nature or quantitatively greater than the risk common to the public. *Ruckman*, 81 Ohio St.3d at 123, citing *MTD Prods.,* 61 Ohio St.3d at 68.

**{¶27}** In *Kershner v. High Point Home Health, Ltd.*, 2d Dist. Miami No. 2012-CA-26, 2013-Ohio-1370, the court held that the trial court erred in awarding the employer summary judgment since there were genuine issues of material fact as to whether home health aide's injuries met the totality of the circumstances exception to the coming-and-going rule. In that case, the home health care aide, who did not dispute that she was a fixed-situs employee, was injured as she left the client's home and walked to her car. The trial court awarded summary judgment to the employer under the coming-and-going rule. The appellate court proceeded "under the assumption that [Kershner] is a fixed-situs employee," but concluded that there were genuine issues of material fact as to whether she was entitled to recovery under the totality of the circumstances exception to the coming-and-going rule since Kershner was required to call her employer after leaving the client's home and she was frequently given other assignments during such calls.

**{¶28}** Likewise, in this matter, we conclude that there are significant genuine

issues of material fact and we cannot conclude that the coming-and-going rule bars Franklin's recovery herein. It is unclear who owned the car, whether Franklin was proceeding directly to the second patient, the proximity of the accident to the second patient, whether the travel was logically related to the employer's business, whether Franklin was engaged in the promotion and furtherance of their employer's business, and the benefit the employer received from her presence at the scene of the accident.

{¶29}     In accordance with all of the foregoing, we conclude that the trial court erred in concluding as a matter of law that Franklin is "a fixed-situs employee, [her] injury did not arise out of her employment, and the coming-and- going rule bars her claim [and no] exceptions apply."

{¶30} Judgment is reversed and matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR